BUCHANAN *v.* STANSHIPS, INC., ET AL.

No. 87–133.   Decided March 21, 1988

PER CURIAM.

Federal Rule of Appellate Procedure 4(a)(4) provides that if any party files a timely motion "under Rule 59 [of the Federal Rules of Civil Procedure] to alter or amend the judgment," then the time for appeal "shall run from the entry of the order . . . granting or denying" such a motion.   The Rule specifically indicates that a notice of appeal filed before the

disposition of such a motion "shall have no effect" but that a "new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion." In this case, we are asked to determine whether a prevailing party's motion for costs constitutes a Rule 59 motion and thereby renders ineffective a notice of appeal filed prior to the disposition of that motion.

## I

Petitioners, a widow and her minor child, brought this wrongful-death action against respondents in the United States District Court for the Middle District of Louisiana under the Death on the High Seas Act, ch. 111, 41 Stat. 537, 46 U. S. C. § 761 *et seq.* The court initially granted summary judgment for respondents, but the Court of Appeals for the Fifth Circuit reversed this ruling. 744 F. 2d 1070 (1984). On remand, the District Court conducted a bench trial. Then, on January 26, 1987, the court entered judgment in favor of respondents, dismissing petitioners' suit with prejudice. Pet. for Cert. 15. The judgment made no mention of costs. The next day petitioners filed a notice of appeal in the District Court pursuant to Federal Rule of Appellate Procedure 3. *Id.*, at 16.

On January 29, 1987, respondents filed an application for the allowance of costs, styled as a "Motion to Alter or Amend Judgment." *Id.*, at 17. The motion asked that the District Court "amend its judgment" to reflect that respondents were "entitled to recover their taxable costs," and specifically invoked Rule 59 of the Federal Rules of Civil Procedure. *Ibid.* The District Court issued an order granting respondents' request the next day. *Id.*, at 18.

Petitioners did not file a second notice of appeal following the District Court's order granting respondents' motion. Respondents subsequently moved the Court of Appeals to dismiss petitioners' appeal for lack of subject-matter jurisdiction due to failure to file a timely notice of appeal. *Id.*, at 19.

Respondents argued that Rule 4(a)(4) of the Federal Rules of Appellate Procedure rendered petitioners' first notice of appeal void because the motion for the allowance of costs was a Rule 59(e) motion. Relying on its prior decision in *Harcon Barge Co.* v. *D & G Boat Rentals, Inc.*, 784 F. 2d 665 (CA5) (en banc), cert. denied, 479 U. S. 930 (1986), the Court of Appeals agreed and dismissed petitioners' appeal. Pet. for Cert. 25. See also *Charles* v. *Daley*, 799 F. 2d 343, 347 (CA7 1986) (adopting the analysis of *Harcon Barge*). Petitioners seek certiorari, noting that the Court of Appeals' decision is in tension with our decision in *White* v. *New Hampshire Dept. of Employment Security*, 455 U. S. 445 (1982), and in conflict with decisions of the Ninth Circuit and the Eleventh Circuit, see *Durham* v. *Kelly*, 810 F. 2d 1500 (CA9 1987); *Alimenta (U. S. A.), Inc.* v. *Anheuser-Busch Cos.*, 803 F. 2d 1160 (CA11 1986); *Lucas* v. *Florida Power & Light Co.*, 729 F. 2d 1300 (CA11 1984).

## II

Federal Rule of Civil Procedure 59(e) concerns "motion[s] to alter or amend the judgment." The Rule requires that such motions be filed within 10 days of the initial entry of judgment. "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White, supra,* at 451. In *White,* we held that a motion for attorney's fees under 42 U. S. C. § 1988 was not a Rule 59(e) motion. We reasoned that because § 1988 provides for fees independently of the underlying cause of action and only for a "prevailing party," a motion for fees required an inquiry "separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" 455 U. S., at 451–452. Cf. *Budinich* v. *Becton Dickinson & Co.*, 807 F. 2d 155 (CA10 1986) cert. granted, 484 U. S. 895 (1987) (presenting issue whether a different rule applies when fees are not provided for independently, as by § 1988, but as an aspect

of the underlying action).    Such a motion therefore "'does not imply a change in the judgment, but merely seeks what is due *because of* the judgment.'"    455 U. S., at 452 (emphasis added) (quoting *Knighton* v. *Watkins*, 616 F. 2d 795, 797 (CA5 1980)).

Respondents' postjudgment motion for costs similarly sought only what was due *because of* the judgment.    Because the Death on the High Seas Act contains no provision regarding costs, respondents' motion for costs necessarily was predicated on Federal Rule of Civil Procedure 54(d). Assessment of such costs does not involve reconsideration of any aspect of the decision on the merits.    Under Rule 54(d), the "prevailing party" automatically is entitled to costs "unless the court otherwise directs."    Indeed, the Rule contemplates that applications for costs will be presented in the first instance not to the court but to the clerk; a district judge need not take up the issue at all unless the losing party makes a timely motion for judicial review.    Fed. Rule Civ. Proc. 54(d) ("On motion served within 5 days [after the clerk's taxing of costs], the action of the clerk may be reviewed by the court"); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2679, p. 396 (2d ed. 1983).    A sharp distinction between the judgment on the merits and an award of costs under Rule 54(d) also is evident in Rule 58's instruction that "[e]ntry of the judgment shall not be delayed for the taxing of costs."    Thus it is apparent that the Rules "attemp[t] to divorce the process of entering judgment from that of determining and assessing the costs."    10 Wright, Miller, & Kane, *supra*, § 2679, p. 392.

While a different issue may be presented if expenses of this sort were provided as an aspect of the underlying action, we are satisfied that a motion for costs filed pursuant to Rule 54(d) does not seek "to alter or amend the judgment" within the meaning of Rule 59(e).    Instead, such a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e)

was not intended to apply. *White, supra,* at 451. Cf. *FCC
v. League of Women Voters,* 468 U. S. 364, 373–374, n. 10
(1984) (issue of entitlement to "attorney's fees *and costs*"
described as "wholly collateral" to judgment on the merits)
(emphasis added); *Eisen* v. *Carlisle & Jacquelin,* 417 U. S.
156, 172 (1974) (order assigning costs held immediately ap-
pealable under the "collateral order" doctrine because it
"involved a collateral matter unrelated to the merits"). Re-
spondents' inaccurate designation of their costs request as a
Rule 59(e) motion cannot change this fact. Nor can respond-
ents' incorrect label deprive petitioners of the benefit of their
timely notice of appeal. Because respondents' motion, prop-
erly viewed, was a Rule 54(d) motion for costs rather than a
Rule 59(e) motion to alter or amend a judgment, petitioners'
notice of appeal was timely under the Federal Rules of Ap-
pellate Procedure.

Certiorari is therefore granted, the decision of the Court of
Appeals is reversed, and the case is remanded for further
proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE MARSHALL, dissenting.

I continue to believe that it is unfair to litigants and dam-
aging to the integrity and accuracy of this Court's decisions
to decide a case summarily without the benefit of full briefing
on the merits of the question decided. See *Commissioner* v.
*McCoy,* 484 U. S. 3, 7 (1987) (MARSHALL, J., dissenting);
*Montana* v. *Hall,* 481 U. S. 400, 405 (1987) (MARSHALL, J.,
dissenting). The Rules of this Court encourage litigants fil-
ing petitions for certiorari to address whether plenary con-
sideration of the case is appropriate and discourage detailed
discussions on the merits. Respondents in this case fol-
lowed that advice. Respondents filed a seven-page brief in
opposition to the petition for certiorari, of which only four
pages dealt with the issue whether a prevailing party's mo-
tion for costs constitutes a Federal Rule of Civil Procedure
59(e) motion to alter or amend judgment. Respondents re-

lied almost exclusively on the Fifth Circuit's unanimous en banc decision in *Harcon Barge Co.* v. *D & G Boat Rentals, Inc.*, 784 F. 2d 665 (1986), which this Court had declined to review. 479 U. S. 930 (1986). The Fifth Circuit's decision in this case, applying the "bright-line rule" of *Harcon*, Pet. for Cert. 26, undoubtedly benefited from full briefing, something the Court today decides is unnecessary for its determination that the Fifth Circuit was wrong. It is my ongoing view that when the Court is considering a summary disposition of a case, it should at a minimum so inform the litigants and invite them to submit supplemental briefs on the merits. Such modest steps are necessary to ensure fair and reasoned decisionmaking. I dissent.