Charles E. **FINCHER** and Sandra Fincher, his wife, Appellants,

v.

**KELLER INDUSTRIES, INCORPORATED, a Florida corporation, Keller Ladders Eastern Incorporated, a Virginia corporation; and Service Merchandise Company, Incorporated, a Tennessee corporation, trading as Mr. How Warehouse of Margate, Florida.**

No. 90–5254.

United States Court of Appeals, Third Circuit.

Submitted June 5, 1990.

Decided June 15, 1990.

Rehearing and Rehearing In Banc Denied July 30, 1990.

John M. de Laurentis, Cherry Hill, N.J., for appellants.

Barbara A. Frasco, Murphy & O'Connor, Haddonfield, N.J., for appellee, Keller Industries, Inc.

Before SLOVITER, SCIRICA and NYGAARD, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Before us is a motion by the appellee, Keller Industries, Inc. (Keller), to dismiss the appeal filed by plaintiffs Charles E. Fincher and Sandra Fincher on the ground that it was not timely filed. The relevant facts are undisputed.

The jury entered a verdict for the defendant Keller on January 11, 1990. On the same day, the district court executed the judgment in favor of Keller and denying

costs. On January 19, 1990, Keller filed a motion "pursuant to Rule 59(e)" to amend the judgment previously entered and to permit it to serve on plaintiffs' counsel and to file with the Clerk a bill of costs and disbursements. The district court denied the motion by Memorandum Opinion and Order dated February 22, 1990. The district court explained that it had exercised the discretion vested in it under Rule 54(d) of the Federal Rules of Civil Procedure to refuse to assess costs against a losing party. It held that the provision of Rule 68 which requires the assessment of costs when the judgment obtained is not more favorable than the offer is inapplicable in cases such as this, in which the judgment was in favor of the defendant.[1] On March 19, 1990, the plaintiffs filed their notice of appeal.

Keller argues that the appeal was untimely because the notice of appeal was filed more than 30 days after the entry of judgment for the defendant. Plaintiffs contend that under the plain language of Federal Rule of Appellate Procedure 4(a)(4), when a timely motion is filed under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Therefore, according to the plaintiffs, their notice of appeal was timely because it was filed within 30 days of the district court's denial of the defendant's motion to amend to permit filing of the cost bill. The disposition of defendant's motion to dismiss the appeal thus depends on whether its motion for costs is to be treated as a Rule 59(e) motion.

Several Supreme Court decisions set forth the principles which are helpful to our analysis of the issue raised by the motion to dismiss. In *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), plaintiffs settled a class action which had alleged certain claims under the Social Security Act, and the consent decree was approved by the district court. More than four and one-half months thereafter, plaintiffs filed a motion for award of an attorney's fee, which the district court granted. The court of appeals reversed the order awarding a fee, holding that a motion for attorney's fees was governed by the ten-day time limit of Rule 59(e) and was therefore untimely. The Supreme Court reversed.

The Court held that Rule 59(e) had been drafted to make clear that a district court possesses a power to rectify its own mistakes in the period immediately following the entry of judgment. The Court agreed with those federal courts that had invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. *See id.* at 451, 455, 102 S.Ct. at 1166, 1168. Attorney's fees allowed under 42 U.S.C. § 1988 are not compensation for the injury giving rise to the action, and the Court held therefore that Rule 59(e) was inapplicable to the post-judgment fee request.

Thereafter, in *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the Court directly faced the issue of the effect of an outstanding motion for attorney's fees on the finality of the underlying merits judgment. The Court adopted "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Id.* at 202, 108 S.Ct. at 1721–22. Because the notice of appeal was not filed within 30 days of that judgment, the Court unanimously held that it was not timely.

In *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988), the Court made clear that the collateral character of the fee issue for purposes of a Rule 59(e) motion is similarly applicable to a motion for costs. In *Buchanan*, the unsuccessful plaintiffs filed a notice of appeal the day after the dismissal of their

---

**1.** The district court's interpretation of Rule 68 was in accord with the Supreme Court's holding in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) (Rule "applies only to offers made by the defendant and only to judgments obtained by the plaintiff.").

suit with prejudice. Two days later, within the ten-day period covered by Rule 59(e), the defendants filed an application for the allowance of costs, specifically invoking Rule 59 of the Federal Rules of Civil Procedure. The district court granted defendants' request the next day. Plaintiffs filed no new notice of appeal, relying instead on the notice of appeal filed before the motion denominated as a Rule 59(e) motion. The court of appeals dismissed the appeal, holding that under Rule 4(a)(4) of the Federal Rules of Appellate Procedure the notice of appeal was voided because the motion for the allowance of costs was a Rule 59(e) motion.

The Supreme Court reversed, relying on its decision in *White*. The Court held that the defendant's motion for costs necessarily was predicated on Rule 54(d) because assessment of such costs does not involve reconsideration of any aspect of the decision on the merits. The Court noted that the rules attempted to divorce the process of entering judgment from that of determining and assessing the costs. It stated:

> [W]e are satisfied that a motion for costs filed pursuant to Rule 54(d) does not seek "to alter or amend the judgment" within the meaning of Rule 59(e). Instead, such a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply.

*Buchanan*, 485 U.S. at 268–69, 108 S.Ct. at 1132.

Significantly, the Court continued, "[defendants'] inaccurate designation of their costs request as a Rule 59 motion cannot change [the] fact [that the issue of entitlement to attorney's fees and costs is wholly collateral to judgment on the merits]." *Id.* at 269, 108 S.Ct. at 1132.

The plaintiffs/appellants argue that the *Buchanan* decision is distinguishable because it involved a request for costs filed under Rule 54(d), rather than a party's invocation of Rule 68 as a basis for costs. They claim that defendants' Rule 68 request was not collateral to the merits but "involved a motion brought upon substantive legal and factual grounds." Brief of Appellants at 7.[2] Although *Buchanan* left open whether "a different issue may be presented if expenses of this sort were provided as an aspect of the underlying action," 485 U.S. at 268, 108 S.Ct. at 1132, Rule 68 does not fall within that open question.

Rule 68 is not comparable to statutes which provide for the award of costs. The rule does not authorize the award of costs. It merely limits the discretion that Rule 54(d) gives to the district court in awarding costs to the prevailing party by providing that in the situation covered by Rule 68, *i.e.*, when a plaintiff who has rejected defendant's offer to settle recovers less than the offer, the district court may not award Rule 54(d) costs accrued thereafter. *See Delta Air Lines v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Rule 68 is thus part and parcel of the collateral proceeding referred to in *Buchanan*. That is made plain by the language of Rule 68 which states that evidence of an unaccepted offer is inadmissible "except in a proceeding to determine costs." Fed.R.Civ.P. 68. This is an obvious reference to a Rule 54(d) proceeding.

Taken together, *White*, *Buchanan* and *Budinich* are dispositive of the issue before us. Keller's motion for costs was wholly collateral to the judgment on the merits. Thus, although it was mistakenly denominated by Keller as a Rule 59(e) motion, *see Buchanan*, 485 U.S. at 269, 108 S.Ct. at 1132, it did not act to toll the time for filing a notice of appeal.

We are not insensitive to the fact that this result places upon the party seeking to appeal the obligation to determine for itself whether a motion denominated as a Rule 59(e) motion does in fact fall within the parameters for which that rule is designed.

---

**2.** In *Budinich* the Court rejected a similar argument in the context of attorney's fees and held instead that "the § 1291 effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them." 486 U.S. at 201, 108 S.Ct. at 1721.

Nonetheless, we believe that result is mandated by the Supreme Court's decision in *Buchanan*. While we recognize that in some cases there may be sufficient ambiguity in the motion itself to lead a court of appeals to hold that the motion acted as a Rule 59(e) motion, in this case it is clear that the motion was designed for only one purpose, *i.e.*, to permit the taxation of costs on behalf of the successful party. Thus, on its face, it was collateral to the merits, and there was no ambiguity. We will, therefore, grant the motion to dismiss the appeal.