954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phil KAUBLE, et al., Plaintiffs-Appellants,
v.
STATE STREET BANK & TRUST COMPANY, et al., Defendants-Appellees.
 Nos. 91-3866, 91-3867 and 91-3868.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.
Decided Feb. 11, 1992.
Rehearing and Rehearing En Banc
Denied March 2, 1992.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 On October 8, 1991, the district court entered judgment in three consolidated actions filed by Phil Kauble and 131 other participants in a pension plan established by the defunct Continental Steel Corporation. The participants wanted relief against State Street Bank, a former administrator of the plan; the Pension Benefit Guaranty Corporation and one of its employees; and their union, the United Steelworkers of America. The district court dismissed the complaint against all defendants.
 
 
 2
 On October 17, 1991, the plaintiffs filed a document styled "Motion to Alter or Amend Entry". The district judge denied this motion on November 14, and the plaintiffs filed three notices of appeal, one on December 13 and the other two on December 16. The presence of the PBGC as a party entitled the plaintiffs to 60 days within which to appeal, see Fed.R.App.P. 4(a)(1), but December 13 is 66 days after the entry of judgment. Unless the motion of October 17 comes within Fed.R.App.P. 4(a)(4), the appeals must be dismissed.
 
 
 3
 Rule 4(a)(4) provides that four kinds of motion, including a "motion under Rule 59 to alter or amend the judgment", suspend the finality of the judgment and that the time to appeal "shall run from the entry of the order denying a new trial or granting or denying any other such motion." State Street Bank has filed a motion to dismiss the appeals, contending that the plaintiffs' motion was not one to alter or amend the judgment--the only category under Rule 4(a)(4) into which this document might fit.
 
 
 4
 The district judge filed two documents on October 8: the judgment dismissing the complaint, and an "entry" explaining the reasons for the judgment. The three-page motion filed on October 17 does not mention the judgment or request any alteration in it. Instead the motion seeks two changes in the "entry," that is, in the court's opinion. First, plaintiffs objected to the statement at page two of the opinion that they are "former" members of the union; they pointed out that they are current members (albeit former employees of Continental Steel). Second, plaintiffs asked the court to recognize that only two of the plaintiffs have received initial determinations from the PBGC concerning their claims for pension benefits and asked leave to amend the complaint to the extent necessary to allege this fact.
 
 
 5
 Missing is any link between these two points and the judgment. Nothing in either the district court's reasoning or its judgment turns on whether the plaintiffs are current or former members of the UAW, or on the number of requests for determinations on which the PBGC has ruled. Plaintiffs contended that the union breached its duty of fair representation by failing to ensure adequate funding of the plan (and failing to notify the members of underfunding). The district court dismissed the claim because the suit is untimely, filed substantially more than six months after any breach of the union's duty. (Continental Steel entered bankruptcy in 1985 and was liquidated in 1986.) Whether the plaintiffs are members of the UAW at the moment has nothing to do with the statute of limitations, the only question the district court decided.
 
 
 6
 As for the number of plaintiffs concerning whom the PBGC has made initial determinations: the plaintiffs do not even mention this in their response to dismiss the appeal. The district court dismissed some of the claims against the PBGC as time-barred (the pension plan was terminated in 1986, the suit was filed in 1990, and the statute of limitations is three years) and others for failure to exhaust administrative remedies. After receiving an adverse determination, an employee is entitled to appeal within the PBGC's hierarchy. 29 C.F.R. Part 2606. To the extent plaintiffs were complaining about delay in the PBGC's decisions, the district court ruled that delay is not actionable because it is attributable to incomplete accounting, and persons now receiving estimated benefits will receive full benefits plus interest, 29 C.F.R. § 2623.13, once the value of the assets in the pension fund has been finally determined. How the difference between two and some other number of final determinations could affect any of these decisions is a subject on which the plaintiffs have declined to enlighten us.
 
 
 7
 Only a motion seeking a substantive alteration in the judgment satisfies Rule 59 and thus Rule 4(a)(4). Buchanan v. Stanships, Inc., 485 U.S. 265 (1988). "[A] motion which does not challenge the substantive correctness of a judgment, or concerns only matters that are collateral to the judgment, will not be considered a Rule 59(e) motion and will not postpone the time to appeal." 9 Moore's Federal Practice p 204.12 at 4-76 (1991 ed.). Plaintiffs do not cite any case that treats a motion addressed to the contents of the opinion, rather than the propriety of the judgment, as sufficient under Rules 59 and 4(a)(4). Indeed, plaintiffs do not cite any case, period. State Street Bank filed a carefully argued motion asking us to dismiss the appeal; plaintiffs have responded with bluster but not authority. Rule 4(a)(1) gives losing parties ample time to appeal; indeed, plaintiffs had 23 days still to go when the district court denied their motion to amend its opinion. They chose to wait, and waited too long. The appeals are dismissed for want of jurisdiction.