**ALEXANDRIA ASSOCIATES, LTD., and Anthony J. Lasala, Plaintiffs,**

v.

**The MITCHELL COMPANY and Mitchell Equities, Defendants.**

**Civ. A. No. J88–0647(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 6, 1992.

E. Clifton Hodge, Jr., Phelps Dunbar Marks Claverie Sims, Jackson H. Ables III, Jennifer L. Welsh, Daniel Coker Horton and Bell, Jackson, Miss., for plaintiffs.

Ronald G. Peresich, Lyle M. Page, Page Mannino Peresich, Biloxi, Miss., for defendants.

ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Local Rule 15(a) on the Bill of Costs of Defendants Mitchell Company and Mitchell Equities and the objection thereto of Plaintiffs Alexandria Associates, Ltd., and Anthony J. Lasala. Having found that Plaintiffs' Response Objecting to Defendants' Itemization of Costs is untimely, the Court declines to review the taxation of costs by the clerk pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

On July 9, 1992, the Court entered Summary Judgment in favor of Defendants on Plaintiffs' claim of securities fraud. Plaintiffs filed a Motion to Reconsider, Alter or Amend Judgment on July 22, 1992. Defendants, as the prevailing parties, filed a Bill

of Costs on August 10, 1992, seeking recovery of $7,452.07. On August 11, 1992, pursuant to Rule 54(d), the clerk of court taxed Plaintiffs for costs in that amount. On August 26, 1992, fifteen days after entry of the taxation by the clerk, Plaintiffs filed with the Court a Response Objecting to Defendants' Itemization of Requested Costs. The Court denied Plaintiffs' Motion to Reconsider, Alter or Amend Judgment on August 27, 1992.

█ Because the Court questioned the timeliness of Plaintiffs' Response Objecting to Defendants' Itemization of Requested Costs, the Court, by way of letter dated September 1, 1992, requested that the parties brief the issue of whether the pendency of Plaintiffs' Motion to Reconsider, Alter or Amend Judgment suspended the running of the period in which Plaintiffs had to respond to Defendants' Bill of Costs. Having considered the memoranda supplied by the parties, the Federal Rules of Civil Procedure, and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, the Court is of the opinion that the pendency of Plaintiffs' Motion did not suspend the running of the five day period in which Plaintiffs had to respond to Defendants' Bill of Costs, as provided by Rule 54(d):

> Except when express provision therefor is made ... costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... Costs may be taxed by the clerk on one day's notice. *On motion served within 5 days thereafter,* the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d) (emphasis added).

Plaintiffs contend that they objected to Defendants' Bill of Costs not pursuant to Rule 54(d), but pursuant to Uniform Local Rules 15(a) and 8. Plaintiffs, however, misconstrue those rules.

█ Local Rule 15(a) provides that "a *motion* for review of or objecting to the taxation of costs shall be subject to the requirements of [Local] Rule 8." Unif.Local R. 15(a) (emphasis added). Plaintiffs argue that because Local Rule 8(d) in turn provides ten days in which to respond to a motion, Plaintiffs had ten days in which to respond to Defendants' Bill of Costs. Plaintiffs misunderstand the interaction between Local Rules 15(a) and 8.

Plaintiffs' contention that Rule 54(d) objections to taxation are governed by Local Rules 15 and 8 is correct. Rule 54(d) and Local Rule 15(a) make clear, however, that a party objects to taxation by way of a *motion.* Thus, objections to taxation are subject to the provisions of Local Rule 8 governing *motions,* not *responses* to motions. Local Rule 8 provides no time period in which a party objecting to taxation is to make such a motion. Moreover, Defendants' Bill of Costs necessarily was predicated on Rule 54(d). Thus, Plaintiffs' motion objecting to the taxation of costs is controlled solely by the requirement of Rule 54(d) that such a motion be filed within five days after taxation by the clerk. Plaintiffs' objection to taxation is not timely under Rule 54(d).

█ The Court must consider, however, whether the pendency of Plaintiffs' Motion to Reconsider, Alter or Amend Judgment suspended the running of the five day period provided by Rule 54(d). In light of the "sharp distinction between the judgment on the merits and an award of costs under Rule 54(d)" noted by the United States Supreme Court in *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289 (1988), the Court is of the opinion that the two motions are not sufficiently related such that the pendency of one tolls the period in which to file the other. *See also* 485 U.S. at 268, 108 S.Ct. at 1131 (noting that a "request for costs raises issues wholly collateral to the judgment in the main cause of action....").

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Objection to Defendants' Itemization of Requested Costs is denied, and that costs of $7,452.07 be assessed against Plaintiffs.

SO ORDERED.