991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ferne R. JONES; Toyann T. Jones; John M. Jones,
Plaintiffs-Appellants,
v.
DEPARTMENT OF WATER AND POWER; City of Los Angeles,
Defendants-Appellees.
Ferne R. JONES; Toyann T. Jones; John M. Jones,
Plaintiffs-Appellants,
v.
DEPARTMENT OF WATER AND POWER; City of Los Angeles,
Defendants-Appellees.
 Nos. 92-55612, 92-55904.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal no. 92-55612, Ferne R. Jones appeals pro se the district court's dismissal of her action against the Department of Water and Power ("DWP") pursuant to Fed.R.Civ.P. 12(b)(1) & (6). Jones had filed pro se a complaint in district court alleging that DWP was providing contaminated water to her residence.[1] She alleged federal claims under 15 U.S.C. §§ 1, 4, 15, & 24, 33 U.S.C. §§ 1319 & 1342, and 42 U.S.C. §§ 300f, 300g-3, & 1983. She also alleged various claims under California state law. The district court dismissed Jones's federal claims with prejudice pursuant to Rule 12(b)(6) for failure to state a claim for relief, and her state claims without prejudice pursuant to Rule 12(b)(1) for lack of jurisdiction. In appeal no. 92-55904, Jones appeals pro se the court's denial of her motion to retax costs. We have jurisdiction over both appeals pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 * No. 92-55612
 
 A. Federal Claims
 
 4
 We review de novo the district court's dismissal for failure to state a claim for which relief can be granted. See Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991) (per curiam). We take all material allegations in the complaint as true and construe them in the light most favorable to Jones. See id. "Dismissal is appropriate only if the plaintiff 'can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " Id. (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987)).
 
 
 5
 We agree with the district court that Jones failed to state a federal claim. First, Jones did not allege any facts to support an antitrust claim under 15 U.S.C. §§ 1, 4, 15, & 24.
 
 
 6
 Second, 33 U.S.C. §§ 1319 & 1342 relate to the Environmental Protection Agency ("EPA") Administrator's power to enforce national pollutant discharge standards and the requirement of a permit to discharge pollutants. See 33 U.S.C. §§ 1311-28 & 1341-45. Similarly, 42 U.S.C. §§ 300f & 300g-3 relate to the EPA Administrator's power to enforce national drinking water regulations. See 42 U.S.C. §§ 300f & 300g-3. Jones did not allege any facts to support a claim under any of these provisions.
 
 
 7
 Finally, Jones failed to allege the deprivation of a federal right cognizable under 42 U.S.C. § 1983. Under section 1983, "it is necessary to allege facts showing deprivation of rights secured by the Constitution or laws of the United States under color of state law." Giannini v. Real, 911 F.2d 354, 359 (9th Cir.), cert. denied, 498 U.S. 1012 (1990).
 
 
 8
 Here, Jones alleged that DWP's alleged failure to inform her about the alleged contaminated water violated her rights to equal protection and due process under the fourteenth amendment to the Constitution. In regard to her equal protection allegation, Jones made numerous references to the fact that she is African-American. Nevertheless, she failed to allege a connection between her racial background and DWP's actions. In addition, although Jones alleged that the DWP inspector failed to notify her of his findings regarding the water sample, the record shows that DWP sent Jones a letter, albeit six months later, informing her that her water was not contaminated.[2]
 
 
 9
 Thus, even assuming the truth of the allegations in Jones's complaint, she has failed to state a federal claim for relief. See Klarfeld, 944 F.2d at 585. Moreover, under the circumstances of this case we can discern no set of facts under which Jones would be entitled to the relief she seeks. See id. Accordingly, the district court did not err by dismissing Jones's federal claims.[3]
 
 B. State Claims
 
 10
 "We review for abuse of discretion the district court's dismissal of pendent state claims after its dismissal of related federal claims." Notrica v. Board of Supervisors, 925 F.2d 1211, 1213 (9th Cir.1991).
 
 
 11
 "Federal courts are empowered by the Constitution to hear pendent state claims if '[t]he state and federal claims ... derive from a common nucleus of operative fact.' " Id. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (alteration in original)). This power should be used in discretionary fashion, however. Id. For instance, " 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.' " Id. (quoting Gibbs, 383 U.S. at 726). This is not a mandatory rule but in general federal courts should decline to exercise jurisdiction over state claims when all federal claims have been dismissed. Id. at 1213-14.
 
 
 12
 Here, the district court dismissed all of Jones's federal claims and thus declined to exercise jurisdiction over her state claims. There is no indication that the district court abused its discretion by doing so. See id.
 
 II
 No. 92-55904
 
 13
 We review the district court's denial of Jones's motion to retax costs for abuse of discretion. See California Union Ins. Co. v. American Diversified Sav. Bank, 948 F.2d 556, 567 (9th Cir.1991). "[C]osts shall be allowed to as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d); see California Union Ins. Co., 948 F.2d at 567.
 
 
 14
 On April 29, 1992, following the district court's dismissal of Jones's action, DWP filed an application to the court clerk to tax costs and a bill of costs. On May 20, 1992, the clerk approved DWP's bill of costs over Jones's opposition. Jones filed a motion to retax costs on May 26, 1992 and other pleadings in support of her motion on May 29 and June 8. On June 24, 1992, the district court denied Jones's motion.
 
 
 15
 In its bill of costs, DWP listed $20.00 in docket fees and $2,773.80 in deposition costs. These costs were properly recoverable under Rule 54(d). See Association of Flight Attendants v. Horizon Air Induss., Inc., 976 F.2d 541, 551 (9th Cir.1992) (deposition costs); Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir.1983) (docket fees); see also 28 U.S.C. § 1920.
 
 
 16
 Jones contends the district court lacked jurisdiction to tax costs because the court (1) dismissed the action before trial, (2) had already entered final judgment, and (3) had not allowed costs in the order of dismissal. This contention lacks merit.
 
 
 17
 A motion for costs under Rule 54(d) is collateral to the judgment in the main cause of action. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988). Thus, neither the entry of a final judgment of dismissal nor the absence of an express allowance for an award of costs deprived the district court of jurisdiction to award costs to DWP. See id.
 
 
 18
 Jones also contends the district court erred by awarding DWP deposition costs because the deposition transcript was not used at trial. This contention lacks merit. The fact that the deposition was not introduced at trial does not preclude the district court from awarding the costs of the deposition under 28 U.S.C. § 1920. Cf. Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir.1990) (per curiam) (allowing costs of reproducing documents even though documents not introduced as evidence to support summary judgment motion).
 
 
 19
 Jones's other contentions are all equally lacking in merit. For instance, Jones contends the district court erred because the district court judge did not sign the order of dismissal. The order clearly bears the district court judge's signature, however. Accordingly, the district court did not err by denying Jones's motion to retax costs. See California Union Ins. Co., 948 F.2d at 567.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones alleged that the water from her tap was running green and that white, round bacteria appeared in the water after it was boiled
 
 
 [2]
 After discovering the alleged contamination, Jones called DWP and an inspector was dispatched to Jones's residence. Jones gave the inspector a sample of the alleged contaminated water. The inspector took the sample and said he would inform Jones of his findings
 
 
 [3]
 In her opening brief, Jones did not challenge the district court's substantive decision but, rather, raised a litany of alleged procedural errors committed by the district court. There is no evidence before us, however, that shows the district court committed any errors or took any inappropriate action