Susan **LINTZ** and Connie Diecidue, Plaintiffs,

v.

**AMERICAN GENERAL FINANCE, INC.** and MorEquity, Defendants.

No. 98–2213–JWL.

United States District Court, D. Kansas.

Sept. 17, 2001.

Hal D. Meltzer, Baker, Sterchi, Cowden & Rice, L.L.C., Gabrielle Rhodes, Brown & Nachman, P.C., Kansas City, MO, for Susan Lintz.

Michael P. Oliver, Norman I. Reichel, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, Chris R. Pace, Sprint Communications Company L.P., Kansas City, MO, for Connie Diecidue.

Lisa White Hardwick, Larry M. Schumaker, Carole K. DeWald, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiffs Susan Lintz and Connie Diecidue filed suit against defendants alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination, K.S.A. § 44–1001 et seq. Following a trial on plaintiffs' claims, the jury found that both plaintiffs were subjected to sexual harassment and further found that defendants were liable to plaintiffs for the harassment. The jury awarded no damages to plaintiff Lintz and awarded plaintiff Diecidue $25,000 in compensatory damages. Although the issue of punitive damages was submitted to the jury, the jury declined to award punitive damages to either plaintiff.

On September 27, 1999 the clerk entered judgment "in favor of Plaintiff Susan Lintz against defendants ... in the amount of $0.00 and her costs of action." On October 26, 1999, plaintiff Lintz filed her bill of costs requesting the clerk to tax as costs $2,057.94 against defendants pursuant to Federal Rule of Civil Procedure 54(d). See Fed.R.Civ.P. 54(d) (costs "shall be awarded as of course to the prevailing party unless the court otherwise directs"). On August 8, 2001, the clerk assessed costs against defendant in the amount of $1,173.75. This matter is presently before the court on defendants' motion to disallow costs for plaintiff Lintz (doc. # 246). According to defendants, plaintiff Lintz is not entitled to recover costs under Rule 54(d) because she is not a "prevailing party" for purposes of Rule 54(d). As set forth in more detail below, the court agrees with defendants that plaintiff Lintz is not a prevailing party for purposes of Rule 54(d). Defendants' motion is granted.

■ It is well settled that only a prevailing party is entitled to recover costs. See Fed. R.Civ.P. 54(d). In November 1999, the court, in connection with its analysis of plaintiff Lintz's motion for attorneys' fees, held that plaintiff Lintz's failure to obtain any relief whatsoever rendered her ineligible for prevailing party status and ineligible for an award of attorneys' fees. See Lintz v. American General Finance, Inc., 76 F.Supp.2d 1200, 1210 (D.Kan.1999). In February 2001, this court applied its decision regarding plaintiff Lintz's prevailing party status to the Rule 54(d) context and held that a party's failure to obtain any relief renders it ineligible for "prevailing party" status under Rule 54(d) and ineligible for an award of costs. See Centennial Management Servs., Inc. v. Axa Re Vie, No. 97–2509–JWL, 2001 WL 123871, *2–3 (D.Kan. Feb.5, 2001).

■ Defendants' motion to disallow costs, then, is based solely on this court's earlier holding that plaintiff Lintz is not a prevailing party for purposes of an award of attorneys' fees and the court's subsequent application of that holding to the Rule 54(d) context in the Centennial case. In her response, plaintiff Lintz does not dispute that the court's holding in the Centennial case mandates the conclusion that she is not eligible for an award of costs under Rule 54(d). Rather, she argues only that defendants' motion is untimely "by approximately two years" because the September 1999 judgment awarded costs to plaintiff Lintz and defendants never moved to amend the judgment under Federal Rule of Civil Procedure 59(e). According to plaintiff Lintz, then, the clerk's assessment of costs in August 2001 merely effectuated the September 1999 judgment and, thus, defendants' motion to disallow costs is, in essence, a belated attempt to amend the September 1999 judgment.

**488**

Plaintiff Lintz directs the court to no authority supporting her argument that defendants' motion must have been brought under Rule 59(e) and, as such, is untimely. Moreover, the court has not uncovered any cases supporting plaintiff's argument. The court, however, has found a Tenth Circuit case that provides significant guidance with respect to the issue raised by plaintiff. In *Utah Women's Clinic, Inc. v. Leavitt,* 75 F.3d 564 (10th Cir.1995), the district court entered a memorandum and order (dated February 1, 1994) denying the plaintiffs relief on the merits, dismissing the action, and without analysis ordering the plaintiffs to pay costs and attorneys' fees. *Id.* at 566, 568. Within ten days of the entry of that judgment, the plaintiffs filed a Rule 59(e) motion to alter or amend the judgment seeking to have the award of fees and costs rescinded. *Id.* at 566. The motion did not challenge the merits of the district court's decision on the plaintiffs' underlying claims. *Id.* In June 1994, the district court denied the plaintiffs' Rule 59(e) motion and the plaintiffs' notice of appeal was filed thereafter. *Id.*

On appeal, the Tenth Circuit concluded that it lacked jurisdiction over the merits of the case because the plaintiffs failed to file timely a notice of appeal as to the district court's February 1, 1994 order. *See id.* at 567–69. Specifically, the Circuit addressed the question of whether "the Rule 59(e) motion, which sought only 'to delete the award of attorneys' fees and costs to defendants' . . . prior to the quantification of those fees and costs, tolled the time in which to take an appeal from the merits." *Id.* at 567. In resolving that issue, the Circuit first recognized that the "Supreme Court has held that the question of attorney's fees and costs are collateral to and separate from a decision on the merits." *Id.* (citing *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) and *White v. New Hampshire,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). That is, when a judgment on the merits has been rendered, the Court has declined to apply Rule 59(e) to requests for attorney's fees or costs based upon the underlying merits judgment. *Id.* (citing same). Relying on these Supreme Court decisions, the Circuit easily concluded that a request for the deletion of an award for fees and costs or, more specifically, a motion questioning liability for fees or costs which had not been set, is a wholly collateral issue. *See id.* at 567–68. In essence, then, the Circuit clearly suggested that the plaintiffs' request for the deletion of the award of fees and costs was not properly considered a Rule 59(e) motion. The Supreme Court's opinion in *Buchanan* supports this conclusion as well. *See Buchanan,* 485 U.S. at 268–69, 108 S.Ct. 1130 ("[A] motion for costs filed pursuant to Rule 54(d) does not seek to alter or amend the judgment within the meaning of Rule 59(e). Instead, such a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply.").

In light of the Supreme Court's decision in *Buchanan* and the Circuit's application of *Buchanan* in *Leavitt,* the court concludes that defendants' motion to disallow costs is properly considered a Rule 54(d) motion rather than a rule 59(e) motion to alter or amend the judgment. Thus, defendants' motion is timely filed. *See* Fed. R.Civ.P. 54(d) (the action of the clerk may be reviewed by the court on motion served within 5 days thereafter). In the absence of any other objection from plaintiff Lintz, and in light of this court's earlier conclusion that plaintiff Lintz is not a prevailing party, defendants' motion is granted.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to disallow costs (doc. # 246) is **granted.**

IT IS SO ORDERED.