# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2601

_____

Dorothy A. Lewis,                                *
                                                 *
       Appellant,                        *
                                                 *
                                                 *  Appeal from the United States
   v.                                         *  District Court for the Western
                                                 *  District of Missouri.
AMR, also known as American                      *
Airlines, Inc. TWA Airlines,                     *      [UNPUBLISHED]
LLC; Tamara Bryan; Steve Hampton,                *
                                                 *
       Appellees.                        *

_____

Submitted:  March 5, 2004
Filed:  March 26, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Dorothy A. Lewis (Lewis) appeals the district court's[1] adverse grant of summary judgment and award of costs to defendants. Although Lewis raises numerous arguments regarding the summary judgment order and other preceding orders, her notice of appeal did not designate those orders, see Fed. R. App. P. 3(c)(1)(B), the appeal was not timely filed as to those orders, see Fed. R. App. P.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

4(a)(1) (30-day time to appeal), and defendants' motion for costs did not toll the time to appeal, see Fed. R. App. P. 4(a)(4)(A) (motions that toll time for appeal); cf. Buchanan v. Stanships, Inc., 485 U.S. 265, 265-69 (1988) (because a request for costs "raises issues wholly collateral to" a merits judgment, a party's costs application was incorrectly raised in a Fed. R. Civ. P. 59(e) motion, and the motion did not render invalid a notice of appeal filed prior to the disposition of costs motion). Thus, the only issue properly before us involves the district court's award of costs to defendants. Even though defendants sought $2,151 in costs, the district court awarded only $449.20 in copying costs.

We review the costs award for abuse of discretion. Martin v. DaimlerChrysler Corp., 251 F.3d 691, 695 (8th Cir. 2001). Lewis was required to overcome the presumption that defendants were entitled to costs. Id. at 696; see Fed. R. Civ. P. 54(d)(1). We discern no abuse of discretion: (1) copying costs are taxable, see 28 U.S.C. § 1920(4); (2) contrary to Lewis's assertion, defendants sought copying costs; and (3) the district court–which specifically addressed Lewis's objections and awarded less than a quarter of the costs defendants sought–had authority to award costs even though Lewis was indigent and her claims were not frivolous. See Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____