# United States Court of Appeals

## For the First Circuit

No. 12-1398

HOUSE OF FLAVORS, INC.,

Plaintiff, Appellant,

v.

TFG-MICHIGAN, L.P.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,

Boudin and Lipez, Circuit Judges.

Lee H. Bals and Marcus, Clegg & Mistretta, P.A. on brief for appellant.
Richard F. Ensor, Vantus Law Group, P.C., Michael Donlan and Verrill Dana, LLP on brief for appellee.

November 21, 2012

**BOUDIN**, **Circuit Judge**.  This commercial fraud case is before us for a second time following proceedings in the district court to carry out the "limited correction" ordered on remand in House of Flavors, Inc. v. TFG Michigan, L.P., 643 F.3d 35, 42 (1st Cir. 2011).  Our earlier opinion describes in full the underlying dispute between the parties, House of Flavors, Inc. ("House of Flavors") and Tetra Financial Group ("Tetra"), and this opinion is limited to the facts necessary to resolve this appeal.

In brief, House of Flavors is an ice cream maker that worked with Tetra, an equipment financier, to acquire an ice cream hardening system.  House of Flavors purchased the basic equipment in late 2005 for just over $100,000, and in early 2006 it executed an agreement with Tetra to fund its installation--an expensive undertaking that substantially exceeded the cost of the equipment alone so that the ultimate cost including both equipment and installation was approximately $1.5 million.

Under the agreement, Tetra paid for the installation at House of Flavors' plant; House of Flavors then transferred ownership of the installed system to Tetra; and finally Tetra leased the system back to House of Flavors.  The agreement provided for a thirty-six-month term, at the conclusion of which House of Flavors would have an option to purchase the system outright, for a price to be determined.  Both parties expected House of Flavors to exercise this option, and, before executing the agreement, the

company secured a side letter from Tetra saying that Tetra had "reviewed the list of property" and "estimated an end of term value" at twelve percent of the equipment and installation costs.

House of Flavors finished the system's installation, transferred ownership, and began monthly lease payments in August 2006. Then, in August 2008, the company sought to exercise the buy back option a year early. Notwithstanding the twelve percent estimate it had provided in its side letter, Tetra quoted a purchase price that was around forty percent of the equipment and installation costs--more than $570,000. After fruitless negotiations, House of Flavors filed suit in federal district court in February 2009, advancing a variety of contract, statutory, and common law claims.

Following a winnowing of those claims and a three-day bench trial, House of Flavors prevailed in June 2010. The district court concluded that Tetra had committed fraud by quoting a twelve percent "estimate" when in reality it had made no estimate at all. House of Flavors, Inc. v. TFG-Michigan, L.P., 719 F. Supp. 2d 100, 107-11 (D. Me. 2010). The court then devised an equitable remedy "analogous to rescission," id. at 112, under which Tetra was to transfer the system back to House of Flavors and pay the company $27,097, id. at 114. As our previous opinion stated, the district court believed that this amount represented

> the balance due between the parties, assuming
> that the system passed back to House of

Flavors based on the 12 percent purchase price and taking account of what Tetra had been promised, what it had received, and what was needed to compensate House of Flavors for an extra cost it incurred due to Tetra's delaying the exercise of the purchase option.

House of Flavors, 643 F.3d at 39.

This court sustained the district court's basic approach on appeal, but--faced with Tetra's claim of errors in the calculation just described--was left uncertain as to the balance due between the parties under that approach. House of Flavors, 643 F.3d at 41. Accordingly, we remanded the case, instructing the district court to consider certain payments House of Flavors had made that Tetra asserted were in satisfaction of pre-installation payments due to it under the original agreement and thus should not have been credited against the amount House of Flavors had promised under the lease after installation. Id. at 42.

On remand, the district judge explained that Tetra had been "entitled to payment for the use of its money before the lease's base term began, as well as certain incidental fees." House of Flavors, Inc. v. TFG-Michigan, L.P., 841 F. Supp. 2d 426, 429 (D. Me. 2012). Relying on the parties' joint stipulation as to the timing and amount of those payments, the judge recalculated the balance due between the parties and determined that, rather than owing House of Flavors $27,097, Tetra was in fact due $156,399. Id. at 429-30.

-4-

After entering judgment, the judge rejected a later motion by House of Flavors arguing that it was entitled to attorneys' fees under a prevailing-party provision of Utah law, Utah Code Ann. § 78B-5-826 (West 2008), which both parties had agreed governed their dispute. House of Flavors now appeals; it argues that the district court ought not to have considered the parties' prior joint stipulation--which recorded the timing and amount of the pre-lease payments--without re-opening the record to allow the company to present its own evidence about the circumstances under which it made those payments.

The attack on the recalculated figure is foreclosed by a jurisdictional objection. This court has jurisdiction over appeals from all "final decisions" of the district courts. 28 U.S.C. § 1291 (2006). Under Rule 4 of the Federal Rules of Appellate Procedure, a party must--with certain exceptions not applicable here--file a notice of appeal within thirty days of such a decision. Fed. R. App. P. 4(a)(1); 28 U.S.C. § 2107. The "taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (citation omitted).

Here, the district court's judgment embodying the calculation was entered on January 19, 2012; it was a final judgment because it completely resolved the merits of the underlying dispute, see Quackenbush v. Allstate Ins. Co., 517 U.S.

706, 712 (1996). House of Flavors did not file its notice of appeal challenging that judgment until April 3--long after Rule 4's thirty-day clock had run. House of Flavors responds that the thirty-day period did not begin until March 23--the date of the post-judgment order denying House of Flavors' February 15 motion requesting attorneys' fees under the Utah prevailing-party statute (and a motion to stay enforcement of the judgment pending resolution of the fees issue).

While House of Flavors' April 3 notice of appeal was timely as to the denial of attorneys' fees, a request for statutory attorneys' fees after a judgment is entered does not render the judgment on the merits non-final or toll the time for filing an appeal from it. Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988), so held and announced the "bright-line rule . . . that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." Id. at 202-03; see also Crossman v. Maccoccio, 792 F.2d 1, 3 (1st Cir. 1986) (per curiam) (holding even before Budinich that outstanding fee request distinct from underlying claim does not render judgment non-final).

Budinich conceded the difficulty that arises "[i]f one were to regard the demand for attorney's fees as itself part of the merits," 486 U.S. at 200, and this issue was addressed by 1993 amendments to the Federal Rules of Civil Procedure. One amendment,

-6-

quoted here as later restyled, distinguished between ordinary requests for attorneys' fees, which "must be made by motion" within fourteen days of judgment, and requests for fees that are "to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2).[1] The advisory notes to the rule change explained that "fees recoverable as an element of damages" include those "sought under the terms of a contract."

An accompanying amendment made clear that a judge has discretion whether to suspend the finality of a judgment where a party seeks attorneys' fees by motion; by default, following Budinich, the motion alone does not do so. Fed. R. Civ. P. 58(e).[2] By contrast, no provision is made for suspension of finality where there remains an outstanding claim for attorneys' fees sought as an element of damages--the implication being that the "merits" have not been fully resolved until such fees are decided, and thus no such provision is necessary. See Carolina Power & Light Co. v. Dynegy Mktg. & Trade, 415 F.3d 354, 358-59 (4th Cir. 2005).

_____

[1]In full, the relevant subsection provides: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

[2]The rule reads: "Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e).

We took this view in <u>Central Pension Fund</u> v. <u>Ray Haluch Gravel Co.</u>, 695 F.3d 1, 6 (1st Cir. 2012), where the attorneys' fees claim rested upon provisions of a collective bargaining agreement and fees had been sought as part of the remedy for a breach of that agreement. In such a case, we held, there was no final judgment until the court determined the amount of the fees. <u>Id.</u> at 6-7. But in the present case, House of Flavors' post-judgment claim for attorneys' fees was based solely on the Utah fee-shifting statute.

Specifically, the underlying agreement gave Tetra the right to seek attorneys' fees from House of Flavors if the latter breached the contract (but not the other way around). House of Flavors thus sought attorneys' fees under Utah Code Ann. § 78B-5-826, which provides that a court "may award costs and attorney fees" to a prevailing party in "a civil action based upon any . . . written contract" when the underlying contract "allow[s] at least one party to recover attorney fees." Whatever House of Flavors might have urged, its claim for fees derived directly from the statute.

This case thus is squarely governed by <u>Budinich</u>, which made plain that when a party seeks attorneys' fees "authorize[d]" by "statute or decisional law," that request does not prevent a judgment on the underlying claim from becoming final under section 1291 and starting Rule 4's thirty-day clock. 486 U.S. at 201.

-8-

Nothing in Rules 54(d) and 58(e) alters this bright-line rule where the fee request is founded on a statute rather than a claim for fees as an element of damages. While the judge may suspend finality pending decision on such a request, see Fed. R. Civ. P. 58(e), he did not do so here.

When House of Flavors sought attorneys' fees in this case, its motion was styled as one to alter or amend the judgment under Rule 59. Such a motion--here filed within the twenty-eight-day period allowed for a Rule 59 motion, Fed. R. Civ. P. 59(e)--does ordinarily extend the time for appeal from the underlying judgment to thirty days after the motion's disposition. Fed. R. App. P. 4(a)(4). But only the substance of a motion, not the label a party attaches to it, controls its effect under the Federal Rules of Appellate Procedure. See Buchanan v. Stanships, Inc., 485 U.S. 265, 269 (1988) (per curiam).

In this instance, the motion did not ask the district court to alter its judgment on the merits, although a footnote indicated an intention to ask this court to do so on appeal. Instead, the sole relief sought by the motion was the addition of attorneys' fees grounded on the Utah statute. House of Flavors otherwise referred to the court's merits judgment only to argue that the reasoning underlying that judgment bolstered its statutory claim for fees. Conceivably, the motion could have asked also that

the damage award be altered, creating a Rule 59(e) issue; it did not do so.[3]

A "motion for attorney's fees is unlike a motion to alter or amend a judgment" because it "does not imply a change in the judgment, but merely seeks what is due because of the judgment." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 452 (1982) (citation and internal quotation marks omitted).  At least this is so where, as here, the motion does not invoke a prior claim that asserted recovery of attorneys' fees as part of damages due on the merits for breach of contract or the like.  So, however labeled, this motion did not extend the time to appeal.[4]

As it happens, the merits claim that House of Flavors is unable to pursue would likely be hopeless even if timely.  The district court's new damage calculations rest on a post-remand stipulation by both parties as to times and amounts of payments.

---

[3]House of Flavors denies in its reply brief that its motion to amend was "exclusively" for an award of attorneys' fees and "as such" outside Rule 59(e); but both the opening paragraph of the motion describing the relief sought and the closing paragraph requesting relief asked only that the decision and judgment be amended to provide "an award of attorneys' fees to [the] Plaintiff"; and the merits judgment awarding damages was discussed only to support such an award.

[4]Indeed, a proper motion for attorneys' fees under Rule 54(d) is required to be made within fourteen days of the judgment, Fed. R. Civ. P. 54(d)(2)(B)(I), unless a statute or court order otherwise provides.  This underscores the distinction between the Rule 54(d) motion and a Rule 59(e) motion with its longer deadline. The attorneys' fees motion here was not filed within the fourteen-day period.

House of Flavors argued to the district judge that if the judge relied on the stipulation to recalculate the balance due between the parties, the judge should reopen the record so that the company could provide more context for the figures. But neither then nor now on appeal does the company show why the denial was mistaken, let alone an abuse of discretion.

In fact, the context that House of Flavors said would help illuminate the figures was the understanding of the transaction in the mind of Whit Gallagher, president of the company when the original agreement was made. This understanding was well documented in the record and had helped House of Flavors avoid the large premium that Tetra demanded. In refusing to reopen the record, the district judge indicated that he had reread Gallagher's deposition testimony and that it did not alter his view of what Tetra was still owed. House of Flavors, 841 F. Supp. 2d at 428 n.2.

Finally, the present appeal is jurisdictionally timely as to the district court's refusal to award attorneys' fees under the Utah statute; but, assuming its applicability, such an award is a matter of discretion, Giusti v. Sterling Wentworth Corp., 201 P.3d 966, 981 n.57 (Utah 2009). On appeal House of Flavors makes no argument that the judge abused that discretion or was otherwise obliged to award attorneys' fees.

The denial of attorneys' fees is <u>affirmed</u>.  The challenge to the merits award is <u>dismissed</u> for want of jurisdiction.  Each side shall bear its own costs on this appeal.

<u>It is so ordered</u>.