**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CHANDLER, AKA Tarek Abdo, an individual, | No.   14-56623 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02091-H-KSC |
| v. | |
| THE NEIMAN MARCUS GROUP, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted September 2, 2016[**]
Pasadena, California

Before:  TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

David Chandler (real name Tarek Abdo) appeals the denial of his motion for

a new trial following entry of judgment in his negligence and premises liability

action against the Neiman Marcus Group, Inc.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction over Chandler's appeal because he filed it more than 30 days after the district court's entry of final judgment. *See* Fed. R. App. P. 4(a)(1)(A); *United States v. Sadler*, 480 F.3d 932, 936–37 (9th Cir. 2007). Chandler is incorrect that his motion for a new trial extended the deadline to file his notice of appeal, because his new trial motion was itself untimely. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(b). Nor do we have jurisdiction over Chandler's appeal of the order denying his new trial motion, because the district court lacked jurisdiction to decide the motion in the first instance. *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000).

Chandler's contention that the district court extended the filing deadline for Rule 59(b) motions, thereby rendering both his motion and this appeal timely, fails on the law as well as the facts. A district court may not extend the deadline to file a new trial motion beyond the 28-day period prescribed by Rule 59(b). Fed. R. Civ. P. 6(b)(2). Moreover, the district court did not purport to extend the deadline, because its statement that the time to file post-trial motions was extended was limited to motions where the court was "legally permitted to do so."

Chandler incorrectly asserts that the time to file an appeal began running only when the district court entered its order taxing costs, nearly two months after

2

judgment on the merits.  Because "a request for costs raises issues wholly collateral to the judgment in the main cause of action. . . ," *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1989), the deadline to move for a new trial under Rule 59 is measured from the district court's entry of judgment on the merits, not from its assessment of costs.  *See Familian Nw., Inc. v. RG&B Contractors, Inc.*, 21 F.3d 952, 954–55 (9th Cir. 1994).

Even if we were to conclude that we have jurisdiction over Chandler's appeal, we would reject Chandler's claim that the court abused its discretion by declining to give an instruction on the amount of care an employee must take where he is required to work "in a position of possible danger." *See Austin v. Riverside Portland Cement Co.*, 44 Cal. 2d 225, 239 (1955) (citations and internal quotation marks omitted).  Chandler's proposed instruction was neither "supported by law" nor by the circumstances of this case. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The instruction would have been inappropriate because the fitting room in which Chandler was working when he hit his head does not qualify as dangerous, and because Chandler was not "required" to work in the fitting room and had an opportunity to take precautions to reduce the risk of harm.

**DISMISSED.**