75 F.3d 564
 33 Fed.R.Serv.3d 1302
 UTAH WOMEN'S CLINIC, INC.; Edward R. Watson, M.D.; Madhuri
Shah, M.D.; Laurel Shepherd, M.D.; Alissa Porter; Wendy
Edwards; Wasatch Women's Center, P.C.; William R. Adams,
M.D.; Denise Defa and Sarah Roe, on behalf of herself and
all other similarly situated women from Utah and surrounding
states, Plaintiffs-Appellants,
v.
Michael LEAVITT, Governor of the State of Utah, in his
individual and official capacities; Jan Graham, Attorney
General of Utah, in her individual and official capacities;
and their successors, Defendants-Appellees.
Planned Parenthood of the Rocky Mountains, Inc., California
Women Lawyers, Society of American Law Teachers, Women's Law
Project, American Civil Liberties Union, National Abortion
and Reproductive Rights Action League, National
Organization for Women, Inc., National Women's Law Center,
NOW Legal Defense and Education Fund, Planned Parenthood
Federation of America, Women's Legal Defense Fund, and
United States of America, Amici Curiae.
 No. 94-4170.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 22, 1995.
Publication Ordered Feb. 1, 1996.
 
 Appeal from the United States District Court for the District of Utah, D.C. No. 93-C-407B.
 Submitted on the Briefs*
 Eva C. Gartner, Janet Benshoof, Kathryn Kolbert, The Center for Reproductive Law & Policy, New York City, Shirley M. Hufstedler, Morrison & Foerster, Los Angeles, California, and Martin W. Custen, Marquardt, Hasenyager & Custen, Ogden, Utah, for Plaintiffs-Appellants.
 Brent A. Burnett, J. Mark Ward, Reed M. Stringham III, Jerrold S. Jensen, Assistant Attorneys General, and Jan Graham, Attorney General, State of Utah, Salt Lake City, Utah, for Defendants-Appellees.
 Donald W. Hoagland and Thomas S. Nichols, Davis, Graham & Stubbs, L.L.C., Denver, Colorado, for Amicus Curiae Planned Parenthood of the Rocky Mountains, Inc.
 Dawn M. Shock, Mary Ann Soden, Karen L. Donald, Keesal, Young & Logan, Long Beach, California, for Amicus Curiae California Women Lawyers.
 Eileen Kaufman, Touro Law Center, Huntington, New York, for Amicus Curiae Society of American Law Teachers.
 Linda J. Wharton and Susan Frietsche, Women's Law Project, Philadelphia, Pennsylvania, for Amici Curiae Women's Law Project, American Civil Liberties Union, National Abortion and Reproductive Rights Action League, National Organization for Women, Inc., National Women's Law Center, NOW Legal Defense and Education Fund, Planned Parenthood Federation of America, and Women's Legal Defense Fund.
 David K. Flynn and Eileen Penner, Attorneys, Civil Rights Division, Department of Justice, Washington, D.C., for Amicus Curiae the United States.
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's adverse judgment on their constitutional challenge to various statutory provisions enacted in Utah regarding informed consent prior to an abortion. Aplt.App. 1110-13. The provisions were modeled after those upheld in Planned Parenthood v. Casey, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). They also appeal from the district court's judgment awarding costs and attorney's fees in favor of the Defendants. Id. We sought additional briefing on whether the notice of appeal was timely filed so as to preserve the merits appeal. We conclude that we do not have jurisdiction over the merits appeal, and remand the case for reconsideration of the propriety of awarding attorney's fees in light of subsequent authority.
 
 Background
 
 2
 Plaintiffs challenged the constitutionality of the Utah Abortion Act Revision, S.B. No. 60; Aplt.App. 0182b-0182j; codified at Utah Code Ann. §§ 76-7-301, 76-7-305 and 76-7-305.5 (Michie 1995 Repl.), as well as its interaction with Utah Code Ann. § 76-7-315 (Michie 1995 Repl.). On February 1, 1994, the district court entered an opinion and order denying relief on the merits and dismissing the action. Utah Women's Clinic, Inc. v. Leavitt, 844 F.Supp. 1482, 1486, 1495 (D.Utah 1994). In the last sentence of the opinion and order, the district court sua sponte ordered the Plaintiffs to pay Defendants costs and attorney's fees. Judgment reflecting the above was entered on February 4, 1994. Aplt.App. 1000.
 
 
 3
 Within ten days of the entry of final judgment, Plaintiffs served a Fed.R.Civ.P. 59(e) "Motion to Alter or Amend Judgment to Rescind Award of Attorneys' Fees Or, in the Alternative, to Certify Interlocutory Appeal." Aplt.App. 1001. Plaintiffs raised no issue concerning the merits or correctness of the district court's decision on the constitutionality of S.B. 60. Instead, they argued that the award of attorney's fees constituted an abuse of discretion. Plaintiffs also requested that if the district court did not delete the award of attorney's fees and costs, it should certify an interlocutory appeal of the issue pursuant to 28 U.S.C. § 1292(b) so that there might be a single appeal "of the fee issue along with the merits issues." Aplt.App. 1043. See also Id. at 1001, 1033.
 
 
 4
 In a memorandum decision and order entered June 21, 1994, the district court denied Plaintiffs' Rule 59(e) motion, set the amount of attorney's fees ($72,930) and costs ($477.40), and invited Defendants to seek additional fees for defending against the Rule 59(e) motion and establishing the fee award. Aplt.App. 1104. Judgment was entered in favor of Defendants for attorney's fees (now $81,477.50) and costs on July 15, 1995. Id. at 1109. The notice of appeal was filed on July 18, 1994. Id. at 1110.
 
 
 5
 On August 4, 1994, a jurisdictional panel raised the issue of whether the notice of appeal was timely filed as to the district court's February 1, 1994 opinion and order and subsequent judgment entered February 4, 1994. The parties responded and the jurisdictional issue was referred to the merits panel.
 
 Discussion
 
 6
 A civil notice of appeal where the United States is not a party must be filed within thirty days after the date of entry of an order or judgment appealed from. Fed.R.App.P. 4(a)(1). A timely filed notice of appeal is an absolute prerequisite to our jurisdiction. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Normally, a timely filed Rule 59(e) motion tolls the thirtyday period until entry of an order disposing of the motion. Fed.R.App.P. 4(a)(4)(C). The jurisdictional issue in this case is whether the Rule 59(e) motion, which sought only "to delete the award of attorneys' fees and costs to defendants in this matter," Aplt.App. 1001, prior to the quantification of those fees and costs, tolled the time in which to take an appeal from the merits, i.e. the constitutionality of S.B. 60.
 
 
 7
 The Supreme Court has held that the question of attorney's fees and costs are collateral to and separate from a decision on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 267-68, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289 (1988) (per curiam) (costs); White v. New Hampshire, 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (attorney's fees). The Court adopted a "bright-line rule" holding "that an unresolved issue of attorney's fees for the litigation in question does not prevent the judgment on the merits from being final." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). When a judgment on the merits has been rendered, the Court has declined to apply Rule 59(e) to requests for attorney's fees or costs based upon the underlying merits judgment. Buchanan, 485 U.S. at 267-68, 108 S.Ct. at 1131 (costs); White, 455 U.S. at 451, 102 S.Ct. at 1166 (attorney's fees).
 
 
 8
 Plaintiffs argue that their Rule 59(e) motion tolled the time to appeal from the February decisions notwithstanding that it related "in part" to an award of attorney's fees. They claim that the finality of the merits judgment in this case is not really an issue because a Rule 59(e) motion was filed and the motion would require the district court to consider matters intertwined with the merits. Finally, they urge adoption of the rule in Ramsey v. Colonial Life Ins. Co., 12 F.3d 472 (5th Cir.1994) which held that "a motion to reconsider a judgment will be considered a Rule 59(e) motion even where the request for reconsideration encompasses only that part of the judgment regarding attorney's fees." Id. at 478. See also Penland v. Warren County Jail, 759 F.2d 524, 527 (6th Cir.1985) (en banc).
 
 
 9
 Defendants recognize the above circuit authority, but contend that it is difficult to reconcile with the bright line rules established by the Supreme Court as well as other circuit authority. They raise Collard v. United States, 10 F.3d 718 (10th Cir.1993), in which we held that an amendment to the judgment to award costs, like an amendment to award attorney's fees, is collateral and will not alter the finality of the original judgment. See also Lentomyynti Oy v. Medivac, Inc., 997 F.2d 364, 368 (7th Cir.1993) (Rule 68 motion for costs is not a Rule 59(e) motion because it raises collateral matters). Defendants decline to take a position on whether the court has jurisdiction over the merits appeal.
 
 
 10
 Plaintiffs' Rule 59(e) motion and memorandum could not be any clearer regarding the relief requested: deletion of the award of attorney's fees and costs before those fees and costs were settled in further proceedings. Aplt.App. 1001, 1033. Plaintiffs argue that their Rule 59(e) motion questioned the correctness of the February decisions insofar as attorney's fees are concerned; however, that does not change the fact that costs and attorney's fees normally are collateral to the merits judgment, particularly when the judgment contemplates significant further proceedings concerning costs and attorney's fees. Therefore, a Rule 59(e) motion, challenging only the award of costs and attorney's fees, does not toll the time for a merits appeal. The Supreme Court has created a uniform rule, regardless of the statutory or decisional law which authorizes the award and despite claims that fee matters are part of the merits. Budinich, 486 U.S. at 201-02, 108 S.Ct. at 1721. As a lower federal court, we are not free to disregard this uniform rule.
 
 
 11
 Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), relied upon by the Plaintiffs, is not to the contrary. There the Court reaffirmed that a Rule 59(e) motion pertains to " 'reconsideration of matters properly encompassed in a decision on the merits.' " Id. at 174, 109 S.Ct. at 990 (quoting White, 455 U.S. at 451-52, 102 S.Ct. at 1166). In ruling that prejudgment interest could be considered under Rule 59(e) the Court explained:
 
 
 12
 [U]nlike attorney's fees, which at common law were regarded as an element of costs and therefore not part of the merits judgment, see Budinich, [486 U.S.] at 200-201 [108 S.Ct. at 1720-21], prejudgment interest traditionally has been considered part of the compensation due plaintiff.
 
 
 13
 [U]nlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not "rais[e] issues wholly collateral to the judgment in the main cause of action," Buchanan, [485 U.S.] at 268 [108 S.Ct. at 1132]; see White, 455 U.S., at 451 [102 S.Ct. at 1166], nor does it require an inquiry wholly "separate from the decision on the merits," id., at 451-52 [102 S.Ct. at 1166].
 
 
 14
 Osterneck, 489 U.S. at 175-76, 109 S.Ct. at 991. The contention that "there is no question that plaintiffs' [Rule 59(e) ] motion was like the one in Osterneck," Aplt.Br. on Jurisdiction at 19, is not persuasive.
 
 
 15
 The district court issued a lengthy opinion and order on the merits, and without analysis ordered Plaintiffs to pay costs and attorney's fees. Regarding costs and attorney's fees, the February orders were interlocutory--they established fee liability, but not the fee amount. See, e.g., Echols v. Parker, 909 F.2d 795, 798 (5th Cir.1990). Without question, further proceedings on the attorney's fees and costs were inevitable, if only to quantify them.
 
 
 16
 We think that the Plaintiffs recognized that matters pertaining to attorney's fees and costs not only were separate, but also would require further proceedings and a separate appeal. The Rule 59(e) motion did not challenge the merits judgment, but rather advised that the merits issues would be appealed. Aplt.App. 1043. Plaintiffs sought certification of the attorney's fees issue so that there would be a single appeal. Id. ("this Court should certify the appeal and give the Court of Appeals the option of hearing the fee appeal and the merits appeal together").
 
 
 17
 Plaintiffs urge us to follow Ramsey v. Colonial Life Ins. Co., 12 F.3d 472, 476-78 (5th Cir.1994). We do not think that Ramsey was meant to apply where the Rule 59(e) motion is directed to a merits judgment awarding both attorney's fees and costs which will be quantified at some future date. Ramsey pertains to a Rule 59(e) motion where the judgment was final not only as to the merits, but also as to attorney's fees. 12 F.3d at 473-74. Unlike this case, the judgment incorporating the denial of attorney's fees contemplated no further proceedings. Here, the Rule 59(e) motion questioned liability for attorney's fees and costs which had not been set, significant further proceedings were essential on these collateral matters, and Plaintiffs apparently recognized the collateral nature of these issues when they sought to take a separate appeal.
 
 
 18
 Ramsey relied upon and reaffirmed Campbell v. Bowlin, 724 F.2d 484 (5th Cir.1984), which is more analogous to this case. In Campbell, the judgment on the merits also included a fee award in favor of defendants. Defendants then filed a Rule 59(e) motion seeking supplemental fees. The Fifth Circuit rejected the notion that because the initial judgment awarded fees, a request for modification of that judgment as to fees was cognizable under Rule 59(e).
 
 
 19
 [White and Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980) ] clearly establish that the question of attorneys' fees is a collateral issue. If an award of attorneys' fees is collateral to the judgment on the merits, then the time at which they are awarded is immaterial; whether awarded at the same time judgment is entered or four months later, they are still collateral to the main cause of action. Therefore, even if defendants' post-judgment motion could be seen as altering the original award of attorneys' fees, that would not prevent [plaintiff] Campbell from proceeding with an appeal of the judgment on the merits.
 
 
 20
 Campbell, 724 F.2d at 488. This rationale does not contemplate a different result if, instead of the defendants, the plaintiff had sought to alter the original award of attorney's fees to defendants. The merits judgment was final and appealable. Regardless of which side prevails, civil rights actions invariably spawn disputes over attorney's fees; these disputes should not delay the appeal of the merits.
 
 
 21
 Plaintiffs contend that we have addressed this issue in Diaz v. Romer, 961 F.2d 1508 (10th Cir.1992). The discussion in Diaz, however, merely states that a timely filed Rule 59(e) motion tolls the time for appeal for all parties (not just the movants) and does not consider the collateral nature of attorney's fees and costs. 961 F.2d at 1510. It is not dispositive here.
 
 
 22
 Plaintiffs also cite to Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368-69 (11th Cir.1982), to support their contention that the Eleventh Circuit has held that attorney's fee awards are not collateral when the basis for the award is the other side's bad faith. Varnes qualified Plaintiffs' contention by acknowledging it only would apply when the award was equitable, not statutory. Id. at 1369. In this case, the attorney's fees were awarded pursuant to 42 U.S.C. § 1988, as the Plaintiffs well know. Aplt.App. 1042, 1051.
 
 
 23
 Although we lack jurisdiction over the merits, we do have jurisdiction over the attorney's fees issue raised on appeal. The district court awarded the Defendants attorney's fees and costs after a trial on the merits, Utah Women's Clinic, 844 F.Supp. at 1495; Fed.R.Civ.P. 65(a)(2). On appeal, Plaintiffs challenge the award of attorney's fees. Aplt.Br. at 32. During the pendency of this appeal, the Tenth Circuit reversed the judgment in Jane L. v. Bangerter, 828 F.Supp. 1544 (D.Utah 1993), a case relied upon by the district court. See Aplt.App. 1052-53. Jane L. v. Bangerter, 61 F.3d 1505, 1513-18 (10th Cir.1995). In light of the principles discussed in Jane L., we remand the case to the district court for reconsideration of the attorney's fees issue.
 
 
 24
 Finally, Plaintiffs request that if the case is remanded, it be assigned to a different district judge. This request will be denied with no expression of opinion; to the extent that Plaintiffs wish to pursue this on remand they may file an appropriate motion in the district court.
 
 
 25
 APPEAL DISMISSED in part; JUDGMENT REVERSED in part and remanded.
 
 
 
 *
 After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Oral argument was vacated and we now order the cause submitted without oral argument