FILED
United States Court of Appeals
Tenth Circuit

December 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMORY RUSSELL; STEVE LYMAN;
GARY KELLEY; LEE MALLOY;
LARRY ROBINSON; GARY
HAMILTON; ART SCHAAP; GUY
SMITH,

     Plaintiffs - Appellants,

v.

THE NEW MEXICO INTERSTATE
STREAM COMMISSION; THE NEW
MEXICO ENERGY, MINERALS AND
NATURAL RESOURCES
DEPARTMENT, State Parks Division;
ESTEVAN LOPEZ, Individually and in his
official capacity as Director of the New
Mexico Interstate Stream Commission;
TOMMY MUTZ, Individually, and in his
official capacity, as Director of the New
Mexico State Parks Division,

     Defendants - Appellees.

No. 15-2042
(D.C. No. 1:13-CV-00760-KG-LAM)
(D. N.M.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on appellants' *Petition for Rehearing*. *See*

Fed. R. App. P. 40. Upon consideration of the petition and the appellees' response in

opposition, the petition is granted. The Order & Judgment issued originally on December

2, 2015, is withdrawn, and the amended decision attached to this order shall take its

place. The Clerk is directed to file the appellees' response as of the date it was received and issue the amended Order & Judgment *nunc pro tunc* to the original filing date.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

December 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMORY RUSSELL; STEVE LYMAN;
GARY KELLEY; LEE MALLOY;
LARRY ROBINSON; GARY
HAMILTON; ART SCHAAP; GUY
SMITH,

      Plaintiffs - Appellants,

v.

THE NEW MEXICO INTERSTATE
STREAM COMMISSION; THE NEW
MEXICO ENERGY, MINERALS AND
NATURAL RESOURCES
DEPARTMENT, State Parks Division;
ESTEVAN LOPEZ, Individually and in his
official capacity as Director of the New
Mexico Interstate Stream Commission;
TOMMY MUTZ, Individually and in his
official capacity as Director of the New
Mexico State Parks Division,

      Defendants - Appellees.

No. 15-2042
(D.C. No. 1:13-CV-00760-KG-LAM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

This case involves the termination of dock license agreements on New Mexico's Ute Reservoir. Plaintiffs appeal from three orders of the district court, the combined effect of which was to grant summary judgment in favor of defendants on plaintiffs' state and federal claims challenging the terminations. We dismiss this appeal for lack of jurisdiction.

## I. Background

Plaintiffs entered into license agreements with the New Mexico Interstate Stream Commission that permitted them to maintain private boat docks at Ute Reservoir in Ute Lake State Park. Ute Reservoir is managed by the Commission and the State Parks Division of the New Mexico Energy, Minerals, and Natural Resources Department ("Division"). In May 2013, defendants informed plaintiffs by letter that their license agreements were being terminated because the Division had determined that the docks had become a threat to public safety. A drought had yielded extremely low water levels at the reservoir, "grounding" the docks and causing them structural damage.

Plaintiffs sued, asserting a federal claim for violation of their due process rights under 42 U.S.C. § 1983 and a state claim for breach of contract. Both sides moved for summary judgment. In short, the court determined plaintiffs did not have a cognizable property interest in the license agreements, and it granted summary judgment in defendants' favor on the due process claim. It dismissed the contract claim without prejudice. And it awarded defendants their costs and attorney fees pursuant to the indemnity provision in the license agreements.

2

Plaintiffs filed a Motion to Alter or Amend Judgment, arguing 42 U.S.C. § 1988 prohibited awarding attorney fees incurred in connection with their § 1983 claim based on the license agreements' indemnity provision and that the indemnity provision was unconscionable. The court agreed with the former but not the latter, and amended its previous award by limiting defendants to costs and attorney fees incurred in connection with the contract claim only. In accordance with the court's order, defendants submitted an application for attorney fees and costs incurred in relation to the contract claim. The court had not yet ruled on the application when plaintiffs filed their notice of appeal. After briefing was completed in this appeal, the district court denied defendants' application, concluding that any award based on the license agreements should be determined by the state court, where plaintiffs had refiled their contract claim.

Plaintiffs contend the district court erred by concluding (1) they did not have a property interest in the license agreements and (2) the indemnity provision of license agreements was neither procedurally nor substantively unconscionable.

Defendants, in turn, argue that we lack jurisdiction to consider plaintiffs' first argument because they did not timely appeal the district court's August 2014 orders disposing of their due process claim. As explained below, we agree with defendants' jurisdictional argument and therefore dismiss the appeal as to the due process claim. In addition, we conclude that the district court's denial of the application for attorney fees and costs rendered moot plaintiffs' contention with respect to the indemnity provision.

3

**II. Jurisdiction over the Due Process Claim**

Where the United States is not a party, a civil notice of appeal must be filed within thirty days of the order or judgment being appealed. Fed. R. App. P. 4(a)(1). "A timely filed notice of appeal is an absolute prerequisite to our jurisdiction." *Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 566 (10th Cir. 1995). Here, the orders granting summary judgment on plaintiffs' due process claim were entered on August 29, 2014, yet plaintiffs did not file their notice of appeal until March 4, 2015. Plaintiffs contend that their Motion to Alter or Amend Judgment, properly construed as a Rule 59(e) motion, tolled the thirty-day period until the entry of the order disposing the motion. However, even if we construe plaintiffs' motion as a Rule 59(e) motion, it is well established that "a Rule 59(e) motion, challenging only the award of costs and attorney's fees, does not toll the time for a merits appeal." *Id.* at 567. In an attempt to circumvent this clear precedent, plaintiffs assert that their motion is distinguishable from a typical challenge to an award of costs and attorney fees because it addressed the substantive correctness of the district court's legal reasoning. But the correctness of plaintiffs' legal argument does not change the fact that their motion challenged only costs and attorney fees. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) (concluding that a motion to alter or amend the judgment challenging only the court's denial of fees – and not the court's judgment on its merits – did not toll the time in which an appeal could be taken on the merits). Therefore, *Yost* and *Utah Women's Clinic* compel the conclusion that we lack jurisdiction to reach the merits of plaintiffs' due process claim in this appeal.

4

**III. Jurisdiction over the Indemnity Provision Issue**

Mootness is jurisdictional. *Citizen Center v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014), *cert. denied*, 135 S.Ct. 1896 (2015). "A federal court must order dismissal for mootness if the controversy ends prior to a decision even if a justiciable controversy existed when the suit began." *Id.* (citing *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011)). Here, the district court ultimately decided not to award attorney fees and costs based on the indemnity provision, thereby ending this part of the underlying controversy that plaintiffs sought to have addressed in this appeal. Thus, plaintiffs' contention that the indemnity provision is unconscionable has been rendered moot, and we lack jurisdiction to address it.

The appeal is dismissed.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

5