149 F.3d 1190
 98 CJ C.A.R. 2797
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy v. BEWLEY, Plaintiff-Appellant,
v.
CITY OF DUNCAN, a Municipal Corporation; Dale Anderson,
Chief of Police, individually and as employee of the City of
Duncan; Glen Harris, individually and as employee of the
City of Duncan; Chris Ray, individually and as employee of
the City of Duncan; Richard Hodges, individually and as
employee of the City of Duncan; Herbert Jennings,
individually and as employee of the City of Duncan; Andrew
J. Lapine, Jr., an individual acting in conspiracy with
those acting under color of law, Defendants-Appellees.
 Nos. 97-6274, 97-6321.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1998.
 
 Before PORFILIO, BARRETT, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 HENRY, J.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.
 
 
 2
 In appeal No. 97-6274, plaintiff Billy Bewley, proceeding pro se, appeals the district court's orders granting dismissal and summary judgment to defendants on his amended complaint alleging causes of action under 42 U.S.C. § 1983, and certain state law claims. In appeal No. 97-6321, plaintiff appeals the district court's award of costs to defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and following a thorough review of the record, we affirm.
 
 I. Background
 
 3
 This case arises out of two incidents during which plaintiff contends he was the victim of conduct by defendants in violation of his civil rights. On April 30, 1994, plaintiff's Doberman Pinscher dog died as a result of being shot with a tranquilizer dart by City of Duncan animal control officer, defendant Glenn Harris. The incident started with a telephone call to 911 by plaintiff's neighbor, defendant Andrew J. Lapine, Jr., reporting that plaintiff's dog was loose in the neighborhood and menacing people attending a nearby auction. Defendants Chris Ray and Richard Hodges, City of Duncan police officers, responded and, according to their reports, found that plaintiff's dog was agitated and pacing a fence in plaintiff's yard. The officers reported that the fence could not contain the dog and it went back and forth into plaintiff's yard at will. The officers then requested that animal control be dispatched to the location.
 
 
 4
 After several unsuccessful attempts on the part of the police dispatcher to locate plaintiff, Officers Ray and Hodges, and Animal Control Officer Harris, assisted by Officers Jerry Wilson and Bart Riley, tried, without success, to catch the dog in a pole noose. During this time, the dog charged the officers showing its teeth. After pursuing the animal through the neighborhood, the dog finally returned to plaintiff's yard. The officers then directed Harris to shoot the dog with a tranquilizer gun. Following the shot, the dog went into the house through a broken door. Because a dog hit with this tranquilizer must receive veterinary attention quickly, the police officers authorized Harris to enter plaintiff's residence to retrieve the dog once they were sure that the shot had taken effect. Harris, accompanied by Sgt. Hodges, then entered the back of plaintiff's house into a room described by Sgt. Hodges as "a dog room" littered with animal waste, food, and trash. Harris removed the animal and transported it to a veterinarian, where despite treatment, unfortunately, it died. The police officers cited plaintiff for allowing an animal to run at large. He was adjudged guilty in municipal court.
 
 
 5
 The second incident involves a traffic citation issued to plaintiff by City of Duncan police officer, defendant Herbert Jennings, for failure to come to a complete stop at a stop sign. Following a protest of the citation, plaintiff was acquitted in municipal court. Plaintiff appears to claim that these incidents were in furtherance of a city wide conspiracy to harass him and his family.
 
 II. No. 97-6274
 
 6
 Plaintiff brought this § 1983 civil rights action alleging that defendants' conduct during the dog incident and the traffic incident was in violation of his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments. The district court granted defendant Lapine's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and granted summary judgment to the remaining defendants.
 
 
 7
 Plaintiff identifies eleven issues on appeal. Because many of his issues are overlapping and repetitive, we combine them as follows: (1) the district court erred in dismissing defendant Lapine; (2) the court erred in granting summary judgment to the City of Duncan, Police Chief Dale Anderson and Police Office Herbert Jennings on plaintiff's § 1983 civil rights claims; (3) the court erred in granting summary judgment to the remaining defendants on plaintiff's § 1983 civil rights claims; (4) the district court erred in granting summary judgment to defendants on plaintiff's § 1983 conspiracy claim; and (5) the district court erred in denying plaintiff's motion to recuse.[1]
 
 A. Dismissal of Mr. Lapine
 
 8
 Plaintiff contends that the district court erred in dismissing his claims against Mr. Lapine under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We review a dismissal under Rule 12(b)(6) de novo. See Yoder v. Honeywell Inc., 104 F.3d 1215, 1224 (10th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997). We will uphold the dismissal "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Id. (further quotation omitted). As a pro se litigant, we construe plaintiff's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).
 
 
 9
 Here, the district court granted Mr. Lapine's motion to dismiss based on its conclusion that Mr. Lapine was not a state actor. Moreover, the court determined that plaintiff failed to set forth specific factual allegations that state a cause of action against Mr. Lapine as a private person conspiring with a person acting under color of state law for the purpose of depriving plaintiff of his constitutional rights. We agree.
 
 
 10
 A civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." Houston v. Reich, 932 F.2d 883, 890 (10th Cir.1991). Unless a complaint alleges both elements, it does not state a claim under § 1983. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show ... that the individual's conduct is 'fairly attributable to the State.' " Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir.1996) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under Lugar,
 
 
 11
 [f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he had acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.
 
 
 12
 457 U.S. at 937.
 
 
 13
 Here, Mr. Lapine's only involvement in the incidents in question was his telephone call to the authorities to report that plaintiff's dog was loose and menacing persons in the neighborhood. Although plaintiff's argument in his brief is less than clear, it appears that he alleged that Mr. Lapine should be considered as acting under color of state law because Mr. Lapine had, in the past, made other complaints to the police regarding plaintiff. In Pino, we rejected a similar argument, holding that defendant's "conduct does not rise to the level of state action simply because [police officers] responded to her call to the dispatcher." 75 F.3d at 1465. Accordingly, we conclude that Mr. Lapine's actions did not constitute state action simply because the officers responded to his call, or for that matter, had in the past responded to his calls.
 
 
 14
 Moreover, as the district court found, plaintiff did not plead sufficient facts to support his claim that Mr. Lapine acted in conspiracy with the police officers. See Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (cause of action under § 1983 may be maintained against a private person where it is shown that private person conspired with person acting under color of state law to violate constitutional rights); Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir.1995) (holding that a plaintiff must allege sufficient facts to show both a conspiracy and a deprivation of constitutional rights). Even construing plaintiff's assertions liberally, his allegations of conspiratorial conduct as to Mr. Lapine are conclusory at best. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Therefore, the district court's dismissal of the claims against Mr. Lapine was appropriate.
 
 
 15
 B. Grant of Summary Judgment to Harris, Ray, and Hodges
 
 
 16
 We review the grant of summary judgment de novo applying the same standard as that applied by the district court. See Buchanan v. Sherrill, 51 F.3d 227, 229 (10th Cir.1995). Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if the parties have presented sufficient evidence from which a trier of fact could resolve the issue either way. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the party bearing the burden of persuasion at trial fails to come forward with sufficient evidence on an essential element of his prima facie case, all issues concerning all other elements of the claim become immaterial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 
 17
 The movant bears the burden of establishing the absence of dispute as to a material fact. See id. at 323. The movant can accomplish this by pointing out to the court a lack of evidence as to an essential element of the nonmovant's claim. The burden then shifts to the nonmovant to present specific facts, admissible at trial, from which a rational trier of fact could find for the nonmovant. See Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 324. This can be accomplished by reference to pleadings, affidavits, discovery responses, transcripts, or other specific exhibits. See Fed.R.Civ.P. 56(c); Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992). We conduct our de novo review from the same perspective available to the district court at the time it entered its decision, limiting our review to those materials the parties presented to the district court. Therefore, although "[w]e view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, ... that party must identify sufficient evidence which would require submission of the case to a jury." Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir.1997).
 
 
 18
 Plaintiff challenges the district court's grant of summary judgment to the defendants who actually took part in the incidents. The court granted defendants summary judgment on plaintiff's allegations of First, Sixth, Ninth, and Tenth Amendment violations, noting that during his deposition, plaintiff was unable to identify the factual basis for his claims that defendants violated the numerous constitutional amendments he cited, and had provided no evidence to support these claims.
 
 
 19
 On plaintiff's Fourth Amendment claim that defendants entered his home without a warrant and shot his dog, the court concluded that plaintiff had not provided sufficient evidence to support this claim. In determining that plaintiff failed to establish a disputed material fact, the district court thoroughly summarized the affidavits and police reports submitted by the defendants. The court then concluded that plaintiff had established no disputed issue of material fact challenging defendants' claim that exigent circumstances existed at the time the officers entered plaintiff's house.
 
 
 20
 Plaintiff appears to base his assertion of error entirely on his contention that the district court failed to consider an affidavit of Jessie McAlister, plaintiff's neighbor. Although in his argument, plaintiff provides his own translation of Mr. McAlister's affidavit, our reading of the document does not reveal any fact which would materially dispute the facts contained in the affidavits and reports of the defendants. According to the factual accounts of Mr. Lapine, the police officers, and Animal Control Officer Harris, after a concerted effort to capture the dog, the dog was shot with a tranquilizer dart gun after which it went into a room at the back of the house through the bottom of a door. Officer Harris and Sgt. Hodges then entered the back of the house and retrieved the dog. According to Mr. McAlister's affidavit, "the animal control officer and another police officer" entered the house through a back door after which he "heard what sounded like a shot." R. Vol. II, Doc. 154, McAlister Affidavit at 2. Thus, it appears that Mr. McAlister believes that the dog was shot inside the house, while the officers aver that the dog was shot outside and then entered the house. While we acknowledge this factual dispute, we fail to discern its materiality to the claim. Whether the dog was shot inside or outside is immaterial to the question of whether exigent circumstances existed which permitted the officers to enter plaintiff's house without a warrant.
 
 
 21
 "Normally, a search is considered reasonable under the Fourth Amendment only if it is supported by a warrant issued on probable cause[.]" Saavedra v. City of Albuquerque, 73 F.3d 1525, 1531 (10th Cir.1996). "It is a matter of law that a warrantless entry for some limited purposes is permissible if police officers have probable cause to search the residence and exigent circumstances are present." United States v. Chavez, 812 F.2d 1295, 1298 (10th Cir.1987). In assessing whether exigent circumstances exist, "we are guided by the realities of the situation presented by the record." United States v. Cuaron, 700 F.2d 582, 586 (10th Cir.1983) (further quotation omitted).
 
 
 22
 All versions of the facts support the conclusion that the officers' actions were for the purpose of protecting themselves and the public. Plaintiff's dog had been loose in the neighborhood and menacing, not only the officers, but passers-by as well. Officer Chris Ray stated in his affidavit that on his way to plaintiff's residence to answer the call regarding a loose dog, he was stopped by a woman who advised him that a black dog had "charged her and her husband while they were walking down the street." R. Vol. 11, Doc. 141, Affidavit of Chris Ray. Doug Johnson, an attendee at the auction across the street from plaintiff's residence, stated that he observed a Doberman Pinscher running "through the crowd" and confronting people before being chased from the area by Duncan police officers. Id. Affidavit of Doug Johnson. Mr. Lapine, in his account of the dog's encounter with a couple at a nearby intersection, stated that he "observed the dog was running at large, and lunged at the woman, being very aggressive, and then growled and bared his teeth at the man, at which time the man attempted to frighten the dog away." Id. Affidavit of Andrew Lapine.
 
 
 23
 The officers involved all reported that the dog was behaving aggressively. Therefore, even if we accept Mr. McAlister's version of the events, the officers would have had a constitutionally permissible basis for entering plaintiff's home and tranquilizing the dog. The discrepancies between Mr. McAlister's version of the events in his affidavit and the version of the events described in the affidavits submitted by defendants do not constitute a disputed issue of material fact as to whether exigent circumstances existed which would support the officer's warrantless entry into plaintiff's home for the purpose of removing the dog. Summary judgment on this issue was appropriate.
 
 C. 42 U.S.C. § 1983
 Conspiracy Claim
 
 24
 Plaintiff asserted that both incidents were part of a conspiracy of the defendants to violate his constitutional rights. In order to prevail on a § 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right." Thompson, 58 F.3d at 1517. Having determined that plaintiff failed to establish a constitutional violation, the conspiracy claim fails. See id.
 
 
 25
 D. Grant of Summary Judgment to City of Duncan,
 
 Anderson, and Jennings
 
 26
 In a separate order, the district court granted summary judgment to the City of Duncan and defendants Jennings and Anderson.[2] The court held that plaintiff failed to adequately allege facts or offer evidence to support his claim that the police officers violated his constitutional rights in accord with a policy of the municipality.
 
 
 27
 In a § 1983 action, the City of Duncan may be held liable only for its own unconstitutional policies and not for the tortuous or unconstitutional actions of its employees. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, the City may not be held liable under this theory absent an underlying constitutional violation by its officers. See Thompson, 58 F.3d at 1517. Therefore, because plaintiff failed to establish a constitutional deprivation, his claim against the City fails.
 
 
 28
 The district court granted summary judgment to Officer Jennings and Police Chief Anderson on plaintiff's claim that the defendants participating in the death of his dog violated his constitutional rights. We have held that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir.1997). Plaintiff does not claim that either defendant was present when the alleged constitutional violation occurred, but presumably included the two officers solely because of their supervisory role. A supervisor cannot be held liable under § 1983 on a respondeat superior theory. See Brown v. Reardon, 770 F.2d 896, 901 (10th Cir.1985). Plaintiff's claims against the officers in their supervisory capacities is the same as his claims against the City. See Thompson, 58 F.3d at 1517. Therefore, once again plaintiff's failure to show an underlying constitutional deprivation defeats his claims against the two officers, and summary judgment was appropriate.
 
 
 29
 Next, the district court granted summary judgment on plaintiff's claim that Officer Jennings violated his constitutional rights during a traffic stop and resulting citation for failure to come to a complete stop at a stop sign. The court construed plaintiff's claim as asserting that, because plaintiff was acquitted of the violation, the charge was concocted and for the purpose of harassing plaintiff. The court found that, although plaintiff claimed Officer Jennings was "rude and raised his voice," he failed to establish that issuance of the citation was an abuse of Jennings' authority, or in violation of plaintiff's due process rights. R. Vol. II, Doc. 125 at 4-5. On appeal, plaintiff asserts that "Officer Jennings, had followed, stopped, detained, (arrested) Appellant and his spouse, upon numerous occasions (sic)." Appellant's Opening Br. at 19. He fails, however, to point this court to any error in the district court's findings or conclusions on this issue. Because we are not obligated to manufacture plaintiff's argument on appeal when he has failed to draw our attention to the error asserted, we consider the issue waived. See Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir.1995); see also United States v. Rodriquez-Aguirre, 108 F.3d 1228, 1238 n. 8 (10th Cir.) (holding that appellant bears the burden of tying the relevant facts, supported by specific citations to the record, to his legal contentions), cert denied, --- U.S. ----, 118 S.Ct. 132, 139 L.Ed.2d 81 (1997).
 
 E. Motion to Recuse
 
 30
 Plaintiff also challenges the district court's denial of his motion to recuse. We review "the denial of a motion to recuse only for abuse of discretion." Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir.1987). Plaintiff argues that the district court ignored his evidence. It is clear from the record, however, that the district court did not ignore plaintiff's evidence, but instead found it insufficient or immaterial. Plaintiff's only appellate argument on this issue appears to be his dissatisfaction with the decisions of the court which does not constitute grounds for recusal. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding judicial rulings alone almost never constitute grounds for recusal). We therefore conclude that the district court's denial of plaintiff's motion to recuse was not an abuse of its discretion
 
 III. No. 97-6321
 
 31
 Plaintiff appeals the district court's award of costs to defendants as prevailing parties. On August 4, 1997, pursuant to Fed.R.Civ.P. 54 and Rule 54.2 of the Rules for the United States District Court for the Western District of Oklahoma, defendants filed a bill of costs in the amount of $6,888.75. To their bill of costs, defendants attached an affidavit of counsel and numerous documents supporting the amount of costs sought, and that they were in relation to the proceedings in the district court. Plaintiff received a copy of the bill of costs indicating that a hearing on the assessment would be held on August 21, 1997. By letter dated August 5, 1997, the district court informed all parties of the date and time of hearing and advised that "[i]f there is no written objection filed to the Bill of Costs pursuant to Local Rule 54.2, the Clerk's Office will tax same in accordance with the Federal Rules of Civil Procedure and our Local Rules; and your appearance at such hearing will not be necessary." R.Supp. Vol. I, Doc. 168, ex. D. Plaintiff had fifteen days from the date the bill of costs was filed to file his written objections. Although plaintiff did not file the required written objections, he did appear at the hearing.
 
 
 32
 Following the hearing, the clerk assessed costs against plaintiff in the amount requested. Although plaintiff had five days in which to appeal the assessment, see Fed.R.Civ.P. 54(d), instead he filed a motion for leave to object to the bill of costs, claiming that a letter from the clerk of this court concerning his appeal fees confused him.[3] The district court, construing plaintiff's motion as a request to file objections out of time, directed defendants to respond. By order dated September 10, 1997, the district court determined that although plaintiff had express notice of the need to file timely written objections, he failed to do so. The court then denied plaintiff's motion to file objections out of time and ordered the assessment of costs would stand.
 
 
 33
 As defendants noted, plaintiff devoted very little argument to the merits of the costs assessment. He first asserts that his pro se status precludes any award of costs against him. Although 28 U.S.C. § 1915(a)(1) allows commencement of a civil suit without prepayment of costs and fees, § 1915(f)(1) allows a judgment "for costs at the conclusion of the suit or action as in other proceedings." We have held that a grant of " 'in forma pauperis status pursuant to § 1915(a) does not preclude the court from assessing costs at the conclusion of the suit.' " Treff v. Galetka, 74 F.3d 191, 196-97 (10th Cir.1996) (quoting Olson v. Coleman, 997 F.2d 726, 728 (10th Cir.1993)).
 
 
 34
 Next, plaintiff asserts that, because he had filed his notice of appeal in this court, the district court did not have jurisdiction to assess costs. "[A] request for costs raises issues wholly collateral to the judgment in the main cause of action...." Buchanan v. Stanships, Inc., 485 U.S. 265, 268, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988). Federal Rule of Civil Procedure 58 states that "[e]ntry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Therefore, the district court's orders granting summary judgment to defendants were final appealable orders, and defendants' pending request to tax costs remained with the district court. See Smith v. Phillips, 881 F.2d 902, 905 n. 9 (10th Cir.1989) (district court retains jurisdiction to consider requests for attorneys' fees after appeal has been filed).
 
 
 35
 Pursuant to Fed.R.Civ.P. 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The district court has broad discretion to award costs to the prevailing party. See Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir.1997); Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir.1990). Here, we conclude that the district court's decision on the award of costs to defendants was not an abuse of discretion.
 
 
 36
 The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff also raises to additional issues--that the district court erroneously allowed defendants extended time for discovery and erroneously denied his motion for appointment of counsel--which were not argued in his brief. Because perfunctory complaints which fail to frame or develop an issue are insufficient to invoke our review, we consider the issues waived. See Murrell v. Shalala, 43 F.3d 1388, 1389 n. 2 (10th Cir.1994)
 
 
 [2]
 Pursuant to the applicable two-year statute of limitations, in this same order, the district court granted summary judgment to all defendants on plaintiff's claims based on incidents that had occurred more than two years prior to filing of the action. See R. Vol. II, Doc. 125 at 2. In addition, the court granted defendants summary judgment on claims which were barred as a result of releases signed by plaintiff in settlement of a number of prior lawsuits involving certain of the same defendants. See id. at 2-3. Although plaintiff makes reference to allegations of many of these prior incidents in his arguments on appeal, he does not challenge the district court's grant of summary judgment on these claims. At plaintiff's request, his state common law claims subject to the Governmental Tort Claims Act were stricken from his complaint. See id. at 3
 
 
 [3]
 On August 6, 1997, following plaintiff's filing of his notice of appeal, this court, under the erroneous impression that plaintiff was a prisoner, notified him that his appeal would be delayed pending assessment of appeal fees by the district court. Id. Plaintiff contends that this letter somehow confused him as to his need to file written objections to the assessment of costs in the district court
 The letter in question came from the court of appeals, addressing only plaintiff's fee for filing an appeal. The letter made no reference to the assessment of the costs of litigation pending in district court. It appears, and the district court observes, that plaintiff, despite his pro se status, is not a novice at federal court litigation. His contention that he was confused by this court's letter regarding his fee for filing an appeal is, therefore, unpersuasive.