[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14359
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00081-MEF-SRW-1


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

DANIEL LAMAR HATCHER,
a.k.a. Doo Doo,

                                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 25, 2013)

Before CARNES, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Hatcher appeals the district court's denial of his motion for a new trial based on a claim of ineffective assistance of counsel. Hatcher, who was convicted by a jury of conspiracy and distributing crack cocaine, rests his ineffective assistance argument on an apparent communication breakdown with his trial counsel and the fact that his counsel (1) requested evidence of a previous drug transaction that the prosecution was not aware of at the time, (2) neglected to explore whether the government had introduced into evidence the full amount of drugs found at the crime scene, and (3) failed to cross-examine a government witness to Hatcher's satisfaction.

I.

Hatcher was indicted on one count of conspiracy to distribute crack cocaine and one count of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At trial, the government presented substantial evidence of his guilt. It played audio recordings of phone calls between Hatcher and Clifford Ellis, a government informant, arranging a drug purchase on November 5, 2008. It played an audio recording of the actual controlled buy that took place between Hatcher and Ellis that same day, and Ellis testified in court about his phone conversations with Hatcher and the drug transaction itself. Officer Michael Drummond testified to seeing Hatcher get out of the white sedan in which the drug sale took place, drop the money used in the deal, and take off running when the

2

police arrived.  Other officers corroborated the fact that Hatcher had fled the scene.

Finally, the government called a DEA lab analyst who testified that the substance

taken from the white sedan tested positive as crack cocaine and weighed more than

50 grams.  Hatcher was eventually found guilty on both counts alleged in the

indictment.

After his conviction, Hatcher filed a pro se motion for a new trial claiming

ineffective assistance of counsel.  The district court denied that motion, reasoning

that Hatcher could not establish the required prejudice because of the

overwhelming evidence of guilt.  Hatcher later filed another pro se motion

requesting additional time to appeal the denial of his earlier motion and renewing

his request for new counsel.  After a hearing on that motion, the district court

granted Hatcher's request for a new trial and new counsel in "the interest of

justice" under Rule 33 of the Federal Rules of Criminal Procedure.  The district

court based its decision on the "strained relationship" between Hatcher and defense

counsel, Donnie Bethel, which resulted in a "lack of communication" between

Hatcher and Bethel.  In its order, the district court noted that it was not granting the

new trial based on ineffective assistance of counsel because the performance of

Hatcher's counsel had not been deficient or prejudicial.

The government appealed and we vacated the district court's order.  United

States v. Hatcher, No. 10-13544, slip op. 1 (11th Cir. Sept. 23, 2011).  We noted

3

that we were unable to find any case in which we upheld the grant of a new trial when a communication breakdown between a defendant and his attorney did not result in ineffective assistance of counsel. Id. at 18. We expressed serious reservations about whether the record revealed anything other than adequate representation, but we remanded the case to the district court for further findings and explanation of the decision to grant Hatcher a new trial. Id. at 27. On remand, the district court found that counsel's conduct and the communication breakdown between Hatcher and Bethel did not amount to ineffective assistance of counsel. Accordingly, Hatcher's motion for a new trial was denied. He now appeals that decision.

## II.

We review a district court's denial of a motion for a new trial under Federal Rule of Criminal Procedure 33 for an abuse of discretion. United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). While we generally do not review ineffective assistance of counsel claims on direct appeal because there has often been an insufficient opportunity to develop the record, we will review such claims in instances where the record is sufficiently developed. United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). This is one such instance.

To prevail on his ineffective assistance of counsel claim, Hatcher must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced

4

him.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

Deficient performance requires a showing that counsel's conduct fell below an

objective standard of reasonableness.  United States v. Verbitskaya, 406 F.3d 1324,

1337–38 (11th Cir. 2005).  To establish prejudice "[t]he defendant must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."  Strickland, 466 U.S. at 694,

104 S.Ct. at 2068.

Hatcher argues that the actions of his counsel amounted to ineffective

assistance of counsel.  First, he complains of Bethel's request that the prosecution

turn over evidence of an earlier drug transaction between Hatcher and Ellis, which

the prosecution did not know about at the time.  In Hatcher's first appeal, however,

we determined that the district court was correct in finding that Bethel's request for

this evidence was reasonable and therefore unsupportive of a claim of deficient

performance.  Because we are bound by that decision under the law of the case

doctrine, see United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996),

Hatcher's attempt to reassert this argument is unavailing.

Hatcher then rests his claim of ineffective assistance on three other grounds.

First, he objects to Bethel's decision not to challenge the prosecution's failure to

produce a small portion of the drugs found at the crime scene.  Second, he claims

Bethel failed to effectively cross-examine Officer Drummond.  Third, Hatcher

5

contends that his claimed communication breakdown with Bethel is sufficient by itself to establish ineffective assistance of counsel.  Hatcher's arguments are unpersuasive.

Hatcher's claim of ineffective assistance necessarily fails because, even assuming that defense counsel's performance was deficient, he cannot demonstrate prejudice in light of the overwhelming evidence of guilt presented at trial.  See Andrews, 953 F.2d at 1327.  The government introduced audio recordings of phone calls between Hatcher and Ellis arranging the drug transaction, as well as an audio recording of the controlled buy that led to Hatcher's arrest.  Ellis identified Hatcher's voice on those recordings in court and identified Hatcher as the man who sold him drugs on November 5, 2008.  Officer Drummond testified that he witnessed Hatcher exit the vehicle where the transaction took place, drop money on the ground, and take off running.  Two other officers testified that they saw Hatcher flee the parking lot with officers in hot pursuit just before Hatcher was stopped and arrested.  The government also presented evidence that the drugs Ellis purchased in the controlled buy tested positive as crack cocaine and weighed more than 50 grams.  Considering this overwhelming evidence of guilt, Hatcher cannot demonstrate a reasonable probability that the result of his trial would have been different if his counsel had performed as Hatcher now urges.

Because Hatcher has failed to show ineffective assistance of counsel, the district court did not abuse its discretion in denying his request for a new trial.

**AFFIRMED.**