[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13140
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00081-WKW-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAMAR HATCHER,
a.k.a. Doo Doo,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 12, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit
Judges.

PER CURIAM:

Daniel Hatcher is a federal inmate serving a 300-month sentence for conspiring to distribute crack cocaine and for distributing crack cocaine. See United States v. Hatcher, 541 F. App'x 951 (11th Cir. 2013) (unpublished) (affirming Hatcher's conviction and sentence on direct appeal); Hatcher v. United States, No. 2:17-CV-737-WKW, 2018 WL 2014073, at *1 (M.D. Ala. Apr. 30, 2018) (denying Hatcher's second or successive 28 U.S.C. § 2255 motion). Hatcher appeals the district court's denial of the motion that he filed under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment.[1] We construe Hatcher's filings liberally because he is proceeding pro se, Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014), and review only for an abuse of discretion the district court's denial of Hatcher's Rule 59(e) motion, Shuford v. Fid. Nat. Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007).

Hatcher contends that the district court should have invoked Rule 59(e) to reconsider his conviction and sentence. But federal courts cannot invoke the Federal Rules of Civil Procedure, including Rule 59(e), to provide relief from a judgment in a criminal case. See Fed. R. Civ. P. 1 ("These rules govern the procedures in all civil actions and proceedings in the United States district courts.")

---

[1] Rule 59(e) provides, in full, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[F]ederal courts generally . . . invoke[ ] Rule 59(e) . . . to support reconsideration of matters properly encompassed in a decision on the merits." Buchanan v. Stanships, Inc., 485 U.S. 265, 267, 108 S. Ct. 1130, 1131 (1988).

(Emphasis added.); <u>United States v. Fair</u>, 326 F.3d 1317, 1318 (11th Cir. 2003) ("[T]he Federal Rules of Civil Procedure unambiguously limit[ ] their application to <u>civil</u> cases.") (quotation marks omitted).  As a result, the district court did not abuse its discretion by denying his motion.

**AFFIRMED.**